The STATE of Ohio, Appellee,

v.

POWERS, Appellant.

[Cite as *State v. Powers* (1996), 117 Ohio App.3d 124.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–96–017.

Decided Dec. 30, 1996.

*William Swigart*, Fulton County Prosecuting Attorney, and *Gary Smith*, Assistant Prosecuting Attorney, for appellee.

*George R. Royer*, for appellant.

*Per Curiam.*

This case is before the court on appeal from a judgment of the Fulton County Court of Common Pleas, which found appellant, William Powers, guilty of reckless operation of a motor vehicle, a violation of R.C. 4511.20.

As the result of a traffic accident occurring on June 13, 1995, appellant was charged with a violation of R.C. 4511.20, a minor misdemeanor. After a police investigation of the incident, appellant was also charged with menacing, a violation of R.C. 2903.22, a fourth-degree misdemeanor, and assault, a violation of R.C. 2903.13(A), a first-degree misdemeanor.

Appellant entered a plea of not guilty to all charges. Simultaneous trials were held on all three alleged offenses. However, only the assault and menacing charges were tried to a jury. The charged traffic violation was tried to the bench. The jury found appellant not guilty of committing the offenses of menacing and assault. Subsequently, the trial court found appellant guilty of violating R.C. 4511.20. Appellant's sentence consisted of a $100 fine, a ninety-day driver's license suspension and "all" costs. The costs imposed in this case totalled $640.51.

Appellant appeals this judgment and sets forth the following assignments of error:

"The trial court erred in imposing sentence on the defendant-appellant without according defendant-appellant a right to be heard on sentencing.

"The trial court erred in assessing all court costs in the subject (umbrella) case to defendant-appellant.

"The sentence imposed on defendant-appellant was excessive under the circumstances."

We note at the outset that appellant specifically declined to order and file a transcript of the proceedings below. He now argues, in his first assignment of error, that the trial court erred in failing to provide him with an opportunity to speak regarding possible mitigating factors prior to sentencing, as required by Crim.R. 32.

In *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 68–69, 523 N.E.2d 515, 515–516, the Tenth District Court of Appeals stated:

"The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower

court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; see, also, *Tyrrell v. Investment Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621. In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 10 O.O.3d 227, 382 N.E.2d 1179; see, also, App.R. 9(B)."

Having failed to provide an appropriate transcript, appellant is wholly unable to demonstrate any error in the sentencing proceeding below. Therefore, we must presume the validity of that proceeding and that the trial court complied with Crim.R. 32. Accordingly, appellant's first assignment of error is not well taken.

In his third assignment of error, appellant contends that the sentence imposed by the trial court was excessive under the circumstances.

The imposition of a sentence is a matter within the discretion of the trial court. *State v. Mays* (1995), 104 Ohio App.3d 241, 661 N.E.2d 791. So long as a sentence is within the limits prescribed by the applicable statute or ordinance and there is nothing in the record to indicate that the trial court failed to give consideration to relevant facts, no abuse of discretion can be found. *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O. 2d 13, 213 N.E.2d 179, paragraph one of the syllabus; *State v. Mays*, 104 Ohio App.3d at 249, 661 N.E.2d at 796.

In the present case, appellant was convicted of a minor misdemeanor. R.C. 2929.21(D) provides that one who is convicted of or pleads guilty to a minor misdemeanor shall be fined not more than $100. R.C. 4507.34 states:

"Whenever a person is found guilty under the laws of this state or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of such laws or ordinances relating to reckless operation, the trial court or any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for any period that it determines, not to exceed one year."

Thus, both of the penalties imposed by the trial court fell within the confines of the governing statutes. Accordingly, and in the absence of a record to demonstrate any alleged failure to consider relevant factors, we cannot find that the sentence imposed by the trial court was an abuse of discretion. Therefore, appellant's third assignment of error is not well taken.

■   Appellant's second assignment of error addresses the question of whether the trial court erred in assessing "all" costs against appellant. Appellant maintains that the assessed costs include those costs incurred in the jury trial that resulted in acquittals on the charges of assault and menacing.

R.C. 2947.23 provides:

"In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."

In addition, R.C. 2949.091 states:

"The court, in which any person is convicted of or pleads guilty to any offense other than a traffic offense that is not a moving violation, shall impose the sum of eleven dollars as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender."

Although there appears to be a dearth of case law interpreting these statutes, we find that the legislature intended that costs of prosecution, including jury fees, can be assessed against a defendant only if the state is successful.

Generally, when the meaning of a statute is not clear, the courts will attempt to determine the intent of the legislature. *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 45 O.O.2d 262, 242 N.E.2d 342, paragraph one of the syllabus; R.C. 1.49. Terms that are not statutorily defined are to be accorded their common and ordinary meaning. R.C. 1.42.

With regard to R.C. 2947.23, the meaning of word "sentence" in the context of a criminal case is "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution." Black's Law Dictionary (6 Ed. 1990) 1362. Accordingly, the intent of the statute is to impose costs on a defendant after his or her conviction. When R.C. 2947.23 is read together with R.C. 2949.091, which expressly limits the imposition of costs to those instances in which an offender is convicted or pleads guilty, this intent becomes even more evident.

■   The costs assessed in this case exceed by far those costs that are generally assessed in a trial to the bench on a minor misdemeanor charge. Appellant was not convicted of assault or menacing. Therefore, the trial court could not impose, as it appears to have done, costs incurred as a result of the jury trial on those charges. For this reason, appellant's second assignment of error is well taken.

The judgment of the Fulton County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to that court for execution of sentence and a reassessment of costs. Court costs of this appeal are to be split equally between the village of Delta and appellant, William Powers.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MELVIN L. RESNICK, P.J., HANDWORK and SHERCK, JJ., concur.