OPINION
Petitioner-appellant Vittorio Delgado ("appellant") appeals from the denial of his petition for post-conviction relief.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO RENDER ADEQUATE AND PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW BASED UPON ISSUES PRESENTED: (1) INEFFECTIVE ASSISTANCE OF COUNSEL: AND (2) VOID JUDGMENT [LACK OF SUBJECT MATTER JURISDICTION] [DEFECTIVE INDICTMENT].
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED PREJUDICIAL ERROR IN FAILING TO CONDUCT AN EVIDENTIARY HEARING.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO FILE SUFFICIENT OR PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On August 26, 1997, the grand jury indicted appellant for one count of trafficking in cocaine in an amount greater than one hundred (100) kilograms in violation of R.C. 2925.03, one count of possession of crack cocaine in an amount greater than one hundred kilograms in violation of R.C. 2925.11, and one count of failure to comply with order or signal of police officer in violation of R.C. 2921.33.1. Appellant entered a plea of not guilty to the indictment.
On February 2, 1998, appellant appeared before the trial court and retracted his former plea of not guilty and entered a plea of guilty to all three counts of the indictment. No appeal was taken from appellant's guilty plea.
On September 16, 1998, appellant filed a petition to vacate or set aside his sentence. He requested an evidentiary hearing on the matter. In his petition, appellant contended that he did not possess cocaine in excess of one hundred (100) kilograms at the time of his arrest. Appellant asserted that the indictment was void as a result. Appellant argued he received ineffective assistance of counsel because his attorney never objected to the incorrect information in the indictment and bill of particulars. In support of his petition for post-conviction relief, appellant attached copies of the indictment, the judgment entry, bill of particulars, request for supplemental discovery, the prosecutor's response to the request for discovery, and part of the arrest report. On October 7, 1998, the trial court denied appellant's petition for post-conviction relief without holding a hearing. In its Findings of Fact and Conclusions of Law, the trial court stated that appellant's guilty plea precluded the trial court from considering the merits of appellant's petition. Appellant has appealed from this ruling.
 II.
In his first assignment of error, appellant contends the trial court failed to issue adequate findings of fact and conclusions of law when denying his petition for post-conviction relief. Appellant argues that the trial court's journal entry is merely a recital of the procedural history of appellant's case.
When a trial court denies a petition for post-conviction relief without a hearing, the trial court must issue findings of fact and conclusions of law. R.C. 2953.21 (C). Those findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the grounds on which the trial court reached its decision. State v. Lester
(1975), 41 Ohio St.2d 51, at paragraph two of the syllabus.
The trial court's findings of fact stated the offenses for which appellant was indicted and noted that numerous pre-trial hearings were held. The trial court's conclusions of law found that appellant's guilty plea precluded any consideration of the merits of appellant's arguments. The trial court stated that appellant pled guilty after many pre-trial hearings were held, thereby waiving any claim of a constitutional deprivation. The trial court's findings of fact and conclusions of law are sufficient for this court to determine the basis of the trial court's decision and the grounds upon which the denial of appellant's petition rests.
Appellant contends his guilty plea did not waive his right to challenge the trial court's subject matter over the case because of the inaccurate indictment or his right to raise an ineffective assistance of counsel argument based upon his attorney's failure to assert the defective indictment in a motion to dismiss. Appellant argues that he was indicted for having crack cocaine in excess of one hundred (100) kilograms when, in fact, only nine ounces were in his possession at the time of arrest.
In support of his petition for post-conviction relief, appellant appended copies of the indictment, the trial court's journal entry, the bill of particulars, the state's notice of supplemental discovery, the state's response to appellant's Crim.R. 16 request, and the police report regarding the arrest. No transcript of the proceedings before the trial court is in the record. There is no evidence supporting appellant's claim that only nine ounces of crack cocaine were seized.
When a petitioner claims his trial counsel was ineffective, "the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980), 64 Ohio St.2d 107,111. Not only must the petitioner show his attorney's performance was defective, he must also show that there is a reasonable probability that, but for the deficient performance, the petitioner would not have pled guilty. State v. Xie (1992),62 Ohio St.3d 521.
Appellant has failed to meet this burden. Without a transcript of appellant's guilty plea, this court cannot determine whether the indictment was raised below. If the supposed inaccurate indictment was discussed, then the issue is res judicata as it could have been appealed. See State v. Perry (1967),10 Ohio St.2d 175. Regardless, it was for appellant to provide the trial court with sufficient evidence to support his claim that the indictment was inaccurate. Appellant did not do so, therefore, this court must assume regularity and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197; State v. Powers (1996),117 Ohio App.3d 124.
Further, an indictment may be amended provided there is no change in the name or identity of the crime. Crim.R. 7 (D). A defendant will not be prejudiced by the amendment of an indictment if pre-trial hearings were held with the defendant understanding the true nature of the case against him. State v.Vega (July 10, 1997), Cuyahoga App. No. 70600, unreported. Also, the provisions of Crim.R. 7 (D) can be waived by a defendant. Id.
Without an adequate record, this court cannot determine whether any waiver occurred regarding an alleged error in the amount of the crack cocaine shown on the indictment.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant claims the trial court erred by failing to hold an evidentiary hearing before ruling on appellant's petition for post-conviction relief. Appellant again submits that the trial court lacked subject matter jurisdiction over the case because of the indictment.
A trial court may dismiss a petition for post-conviction relief without holding a hearing if the petitioner fails to submit evidentiary material containing sufficient operative facts in support of the petition. State v. Jackson (1980),64 Ohio St.2d 107. Also, the claim for relief must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975),42 Ohio St.2d 46, paragraph one of the syllabus. Appellant not only failed to submit sufficient evidentiary material in support of his petition, the evidence he did attach to his petition was from the record of the case. The trial court correctly denied appellant's petition for post-conviction relief without first holding a hearing.
Appellant's second assignment of error lacks merit.
 IV.
Appellant's third assignment of error again raises the sufficiency of the findings of fact and conclusions of law. The first assignment of error already determined this issue and found the journal entry to be adequate to apprise the defendant of the reasons for the trial court's decision and for purposes of review.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES B. SWEENEY, J., CONCUR.