JOURNAL ENTRY AND OPINION
This is an appeal from a guilty verdict following a bench trial before Garfield Heights Municipal Court Judge Kenneth R. Stralka. Appellant Stanley V. Alsenas, pro se, contends his convictions for two minor misdemeanor traffic offenses should be vacated because the judge refused to record the proceedings and denied his motion to disqualify the City of Brecksville Prosecutor, Sergio I. DiGeronimo. We do not agree and affirm.
From the record we glean the following facts. On March 8, 1999, Alsenas, operating a 1988 Mercury sedan westbound on SR 82 in the city of Brecksville, made an improper right hand turn on red and received a traffic citation for that offense and another for operating a vehicle with an expired license. He appeared at the Brecksville Mayor's Court and entered a plea of not guilty, which removed the case to the Garfield Heights Municipal Court.
 On March 17, 1999, proceeding in pro se, Alsenas filed a Motion to Disqualify S.I. DiGeronimo as Prosecutor on the basis that he had filed a lawsuit against the city of Brecksville, DiGeronimo, and some twenty other defendants in the United States District Court for the Northern District of Ohio. In that action, Alsenas asserted that DiGeronimo had violated his civil and property rights by failing to prosecute certain property owners whose efforts prevented him from obtaining a building permit.
In its March 29, 1999 response to the motion, the city of Brecksville argued that DiGeronimo was not in a position of conflict because there was probable cause to issue the citations after Alsenas's actions were observed by a uniformed police officer and the prosecutor's discretionary decision to prosecute on the two minor misdemeanors was nothing more than routine.
On April 7, 1999, the motion to disqualify was denied through the following order:
 This matter came on for hearing this 3rd day of April, 1999, on defendant's Motion to Disqualify S.I.
 DiGeronimo As Prosecutor For The Reason Of His Bias As Set Forth In Plaintiff's Brief.
 On due consideration, Court finds the acts complained of by defendant are the usual and customary duties of a prosecutor and that there is no showing of any abuse of power.
 Accordingly, Motion of defendant is, hereby, overruled. Within matter set for trial on April 26, 1999 at 1:00 p.m.
On April 8, 1999, before receiving notice of the April 7, 1999 order, Alsenas filed an answer to the City's brief and contended that DiGeronimo's bias and prejudice was demonstrated in his refusal to prosecute the encroachment on his land and that the connection between the federal case and the two minor misdemeanors was personal.
On April 16, 1999, Alsenas filed a Motion to Request Reconsideration and Rescission of the Judgment of April 7, 1999 by His Honor Judge Kenneth Stralka in which he contended that the judge rushed to a decision and denied Alsenas his right, under the local rules, to respond to the City's brief; that the prosecutor's claims in the City's responsive brief were lies, and that the prosecutor violated certain codes of professional conduct. He also filed a motion for continuance of trial on the basis that the trial was premature because the judge had not resolved the issue of the prosecutor's disqualification but the request for reconsideration was denied and the trial date reset that same day.
On April 26, 1999, before trial, Alsenas filed a Second Motion for Continuance on the basis that his first motion for continuance had not been ruled on and he needed time to appeal the order denying his motion to disqualify. The judge issued an order overruling all motions not specifically heard and decided and proceeded to trial. He found Alsenas guilty of both the traffic signal and expired license violations, imposed a fine of $75 and court costs[1] and stayed execution upon Alsenas's posting a $500 bond.
Although not set forth as assignments of error, Alsenas initially contends that it was an abuse of discretion to fail to disqualify the Brecksville prosecutor. The City counters that, because the Supreme Court has exclusive jurisdiction over grievances, this court does not have jurisdiction to hear the arguments presented. In the present context, neither argument has merit.
As a starting principle, a court has inherent authority to supervise members of the bar appearing before it; this necessarily includes the power to disqualify counsel in specific cases. Kala v. Aluminum Smelting 
Refining Co. (1998), 81 Ohio St.3d 1, 4, 688 N.E.2d 258, citing Morgan v. N. Coast Cable Co. (1992), 63 Ohio St.3d 156, 161, 586 N.E.2d 88,92. The matter at issue here, however, is unlike the typical situation where attorney/client privileges and confidences are involved, i.e., where a party asserts that the opposing attorney or the attorney's former law firm represented the party in another, perhaps related matter. See, generally, Kala, supra. Rather, Alsenas contends that, because of the pending federal matter, DiGernonimo selectively prosecuted him on the traffic violations.
The Supreme Court recently reiterated the selective prosecution test in State v. Getsy (1998), 84 Ohio St.3d 180, 203, 702 N.E.2d 866:
In State v. Flynt (1980), 63 Ohio St.2d 132, 134, 17 Ohio Op. 3d 81, 82, 407 N.E.2d 15, 17, we adopted the following test with regard to selective-prosecution claims:
 `To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.' (Quoting United States v. Berrios [C.A.2, 1974], 501 F.2d 1207, 1211.) See, also, State v. Lawson (1992), 64 Ohio St.3d 336, 346, 595 N.E.2d 902, 910.
 A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. United States v. Armstrong (1996), 517 U.S. 456, 463, 116 S. Ct. 1480, 1486, 134 L.Ed.2d 687, 698. As the court stated in Armstrong, the standard is a demanding one. Id.
Canon 7 of the Ohio Code of Professional Responsibility provides that a lawyer should represent a client zealously within the bounds of the law. In this context, Disciplinary Rule 7-103(A) prohibits a public prosecutor from institut[ing] or caus[ing] to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause. A prosecutor has a duty to seek justice, not merely to convict, and should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute[.] EC 7-13 (responsibility of public prosecutor).
A review of the record shows that Alsenas specifically did not contest that the charges could be brought against him; rather he argues it is because he had brought a federal civil action against the prosecutor, that prosecutor should be presumed biased. This mere allegation of a prosecutor's personal bias does not satisfy the demanding standard of the Flynt test for a selective prosecution claim. Moreover, where probable cause is not contested, a mere allegation of a prosecutor's personal bias, without more, does not warrant disqualification of that prosecutor. Therefore, the judge did not err in overruling the motion to disqualify DiGeronimo. Alsenas's first assignment of error is overruled.
In his second claim of error, Alsenas contends that his conviction should be overruled because the judge committed judicial misconduct when he failed to disqualify DiGeronimo; failed to make a record of the trial; lied about holding a hearing on his motion for reconsideration; and overruled his second motion for a continuance without reading it. The City asserts that the judge had no duty to provide a transcript because the offenses were merely minor traffic offenses.
Contrary to his assertion, the crux of Alsenas's arguments do not go to judicial misconduct in the traditional sense; his arguments go to judicial error in the conduct of the trial. With regard to the argument that the judge should have disqualified DiGeronimo, we addressed that error above and, because we concluded that there was no error in failing to disqualify DiGeronimo, that issue is moot. See App.R. 12(A)(1)(c).
Alsenas also argues that it was error to fail to record his trial as he requested. The City points to this court's decision in Lyndhurst v. Collins (Mar. 12, 1992), Cuyahoga App. No. 60042, unreported, for the proposition that a municipal court has no duty to provide a court reporter in the prosecution of a minor traffic offense. We disagree because, unlike what is claimed in the case sub judice, Collins made no request to have the proceedings recorded.
 Crim.R. 22 requires a court to record all proceedings of serious offenses and all waivers of counsel required by Rule 44(B) in petty offenses. It further provides that if requested by any party[,] all proceedings [for petty offenses] shall be recorded. Crim.R. 2(C) defines a serious offense as any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(D) defines a petty offense as any misdemeanor other than a serious offense. Crim.R. 4.1, which provides an optional procedure in minor misdemeanor cases, further defines a minor misdemeanor as an offense for which the potential penalty does not exceed a fine of one hundred dollars. Crim.R. 4.1(B). The rule further provides that, notwithstanding certain enumerated rules, including Crim.R. 22, a court may use the procedure outlined therein for all or particular minor misdemeanors other than offenses covered by the Uniform Traffic Rules. Crim.R. 4.1(A).
Turning to the Uniform Traffic Rules, Traf.R. 2 retains the same definition of serious offense as found in Crim.R. 2(C) but it limits the definition of petty offense found in Crim.R. 2(D) to an offense for which the penalty proscribed by law includes confinement for six months or less. The Uniform Traffic Rules do not provide a definition of minor misdemeanor nor do they specifically provide for recording any traffic case proceeding. Traf.R. 20, however, states that [i]f no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply.
When this rule is read in context with Crim.R. 2(D) or the optional Crim.R. 4.1(A), it requires the application of Crim.R. 22 to traffic cases, regardless of the definition of petty offense as contained within the Traf.R. 2. Therefore, when either the prosecutor or a person charged with a minor misdemeanor traffic offense requests that the judge record the proceedings, the judge must comply through one of the methods provided in Crim.R. 22.
The difficulty faced here, however, is nothing in the record supports Alsenas' claim that he asked the judge to record the proceedings. Pursuant to App.R. 9(C), Alsenas had the option of preparing a statement of the evidence or proceedings from the best available means, including [his] recollection pursuant to the procedure set forth in that rule as well as the option of filing an App.R. 9(D) agreed statement as the record on appeal or seeking the correction or modification of the record in accordance with the procedure outlined in App.R. 9(E). Rather than include an App.R. 9(C) statement of the evidence, an App.R. 9(D) agreed statement, or a corrected or modified record under App.R. 9(E) — any of which could have included information regarding his alleged request for a record of the proceedings — Alsenas moved this court to amend his praecipe from an App.R. 9(B) record to an App.R. 9(A) record. We granted that request. See Brecksville v. Alsenas (July 2, 1999), Cuyahoga App. No. 76519 (Motion No. 7857, vol. 461, pg. 394), unreported.
Alsenas, however, did not comply with his duty to construct a complete and adequate record for appeal, App.R. 10(A), and the issue whether it was error to deny his alleged request to record the traffic proceedings is waived. See State v. Phillips (1995), 74 Ohio St.3d 72, 102;656 N.E.2d 643, citing State v. Brewer (1990), 48 Ohio St.3d 50, 61,549 N.E.2d 491, 502. Therefore, we must presume the regularity of the proceedings below and the validity of the judgment. State v. Veras (July 8, 1999), Cuyahoga App. No. 74416, 74466, unreported, citing State v. Powers (1996), 117 Ohio App.3d 124, 690 N.E.2d 32.
Alsenas further argues that the judge lied in his order which indicated that a hearing had been held on his motion for reconsideration. He cites the Garfield Heights Municipal Court Case Management in Civil Cases Rule 2" for the proposition that the judge will not hold an oral hearing unless the parties request one and it is deemed necessary. He claims, therefore, that the judge lied and committed misconduct because the order states that a hearing was held.
We note, initially, a grievance involving allegations of judicial misconduct is within the exclusive jurisdiction of the Board of Commissioners on Grievances and Discipline of the Supreme Court. Gov.Bar.R. V. Alsenas did not fulfill his duty to present this court with an adequate record and this issue is waived.[2]
Finally, we address Alsenas' argument that it was error to deny his second motion for a continuance because the judge had not yet ruled upon his first motion for continuance.
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
State v. Unger (1981), 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, citing United States v. Burton (C.A.D.C. 1978), 584 F.2d 485, certiorari denied439 U.S. 1069; Giacalone v. Lucas (C.A. 6, 1971), 445 F.2d 1238, certiorari denied 405 U.S. 922; see State v. Jones (Dec. 30, 1999), Cuyahoga App. No. 75574, unreported.
Alsenas asserts that he filed his second motion for a continuance one hour before the trial. It appears Alsenas did not interpret the order denying his motion for reconsideration to also specifically rule upon his first motion for continuance, despite the clear language in the order indicating that the trial would go forward on April 26, 1999. Based upon the inconvenience to the parties, the failure to request a specific length of time for the delay, and both the timeliness and questionable merit of the second motion, we cannot conclude it was an abuse of discretion to deny the second request for continuance. Accordingly, the second assignment of error is overruled.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
 ________________________ ANNE L. KILBANE, JUDGE
DIANE KARPINSKI, P.J., CONCUR.
JAMES M. PORTER, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] The judge noted on the judgment of conviction that at the time of trial Alsenas pled no contest and that he now had a valid driver's license.
[2] We note that in courts where the local rules do not provide for a hearing on the merits of a motion, some judges use the phrase this matter came on for hearing on [a date certain] to denote that the judge considered the matter on that date rather than to denote that the judge considered the matter after a formal hearing on that date.