JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, City of Cleveland ("the city"), appeals from the trial court's decision to suspend court costs in the sentencing of appellee, Kenneth Tighe ("Tighe"). For the reasons discussed below, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal. On August 28, 2002, Tighe entered a plea of no contest to an amended charge of persistent disorderly conduct, R.C. 2917.11, a fourth-degree misdemeanor. The trial court informed Tighe that the maximum fine was $250 and up to thirty days in jail.[1] During the sentencing proceeding, defense counsel told the court that Tighe had spent two days in jail and had spent over one thousand dollars on the case. The trial court then suspended all of the fine and the court costs. The trial court informed Tighe that he would be on probation for nine months, but that the probation period could be terminated after three months if Tighe had three consecutive negative drug test results.
 {¶ 3} The city asked the court why it was suspending court costs. The trial court indicated that Tighe had paid his attorney $1,000 and proceeded to ask Tighe a few questions. Tighe revealed that he was a construction worker, he could afford court costs, and that he would like a few days to pay the costs. The trial court then indicated it was going to "give [Tighe] a break."
 {¶ 4} The city filed this discretionary appeal raising one assignment of error.
 {¶ 5} "I. The trial court acted contrary to law by suspending the court costs of a non-indigent defendant."
 {¶ 6} The record in this case reflects that the trial court suspended all court costs when sentencing Tighe with no finding of indigency. The city argues that the trial court's decision to suspend court costs was contrary to law. We agree.
 {¶ 7} The duty to pay court costs is a civil obligation arising from an implied contract. Obligations arising upon implied contracts and judgments thereon are debts, within the purview of Section 15, Article I
of the Ohio Constitution, which forbids imprisonment for debt in civil actions. Strongsville v. Waiwood (1989), 62 Ohio App.3d 521; Strattmanv. Studt (1969), 20 Ohio St.2d 95; Second National Bank of Sandusky v.Becker (1900), 62 Ohio St. 289. Only in successful prosecutions can the costs of proceedings be assessed to the defendant. State v. Powers
(1996), 117 Ohio App.3d 124.
 {¶ 8} The Ohio Revised Code contains various statutory provisions governing the costs and fees that are to be assessed in a municipal court action. R.C. 1901.26, the general provision authorizing municipal courts to tax costs, requires a municipal court to establish a schedule of fees and costs to be taxed in an action and sets forth certain types of costs that may be taxed. The provision indicates that some costs, such as the advance deposit for the filing of a civil action or the advance deposit for the fees of a jury, may be required "unless, upon affidavit or other evidence, the court concludes that such party is unable to make the required deposit." Id. In addition to the basic costs authorized by R.C.1901.26, R.C. 1901.261 permits a municipal court to impose additional fees to computerize the court or pay for computerized legal research.[2]
 {¶ 9} In criminal cases, the Ohio Revised Code mandates that certain costs be assessed against a defendant who is convicted of or pleads guilty to an offense. R.C. 2947.23 states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs * * *." (Emphasis added). The use of the word "shall" in this statute denotes that compliance is mandatory. Statev. Satta, Marion App. No. 9-01-38, 2002-Ohio-5049. Nevertheless, the legislature has indicated through other statutory provisions that these costs may be waived for indigent defendants. See R.C. 2949.14 (requiring the clerk of the court to certify a complete itemized bill of the costs made in the prosecution of a "nonindigent" person convicted of a felony); R.C. 2949.15 (requiring the clerk of the court to issue a writ of execution if a "nonindigent" person convicted of a felony fails to pay the costs of prosecution); See also State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684 (holding court costs may not be assessed against an indigent defendant in a felony case).
 {¶ 10} Municipal courts are also required, pursuant to R.C. 2743.70
and R.C. 2949.091, to impose specific sums as costs against nonindigent individuals who are convicted of or plead guilty to any offense other than a traffic offense that is not a moving violation. R.C. 2949.091(A)(1) requires a court to impose "the sum of eleven dollars as costs in the case in addition to any other court costs" for the state's general revenue fund. R.C. 2743.70 requires a court to impose the sum of nine dollars if the offense is a misdemeanor for the state's reparations fund. Both of these statutes provide that the additional court cost may not be waived "unless the court determines that the offender is indigentand waives the payment of all court costs imposed upon the indigent offender." R.C. 2949.091; R.C. 2743.70 (emphasis added); See also 1993 Atty.Gen.Ops. No. 93-009; 1991 Atty.Gen.Ops. No. 91-039; 1991 Atty.Gen.Ops. No. 91-022 (recognizing that the "additional costs" may not be waived absent a determination that an individual is indigent).
 {¶ 11} The legislative intent that court costs be waived for indigent defendants is reiterated in R.C. 2949.092, entitled "Condition for waiver of specified additional court costs." The statute instructs a court to impose costs specifically required by R.C. 2743.70, R.C. 2949.091, or any other section of the Revised Code that imposes a specified sum as additional costs, "unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender." (Emphasis added.) This section clearly implies that "all court costs" may be waived for an indigent defendant. Consequently, the trial court was permitted to waive the costs mandated by the above provisions upon finding Tighe indigent and waiving all costs against Tighe.
 {¶ 12} In this case, the trial court suspended all court costs against Tighe. The trial court indicated it was waiving costs because Tighe had paid his attorney over one thousand dollars and the court wanted to "give him a break." A review of the record reflects that Tighe had a job, could afford an attorney, and was able to pay court costs. However, the trial court did not determine whether or not Tighe was indigent.
 {¶ 13} Although the trial court wanted to give a break to a defendant who had already spent a substantial sum on the action, the trial court did not have the authority to waive mandatory court costs absent a finding of indigency. Costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. Strattman v. Studt (1969), 20 Ohio St.2d 95. To allow courts to waive all costs without a finding of indigency would be unfair to the taxpayers and could jeopardize the funding of the courts.
 {¶ 14} Since the statutory provisions do not direct the manner in which a court is to determine whether an individual is indigent for purposes of waiving costs, a reasonable method should be used. See 1993 Atty.Gen.Ops. No. 93-009.[3] The determination should be made on a case-by-case basis so that consideration may be given to any and all factors tending to indicate an individual's financial condition. Id. A finding of indigency is a matter within the sound discretion of the trial court. See State v. Weaver (1988), 38 Ohio St.3d 160, 161. However, a determination made without regard to an individual's financial condition is unreasonable. See 1993 Atty.Gen.Ops. No. 93-009.[4]
 {¶ 15} It is recognized that municipal and county courts, by their nature, require judges to make decisions on financial sanctions and court costs with limited information and within limited time. Broad discretion is to be given to municipal and county trial judges when determining, under the totality of circumstances, the question of an individual's status as an indigent and the person's ability to pay costs. Requiring the filing of formal affidavits of indigency, or requiring specific language or "magic words" on the record, will only serve to overburden municipal and county trial courts. Such measures will not reasonably foster the fair assessment of a person's ability to pay court costs. At a minimum, the finding of indigency should be clear from the record and be based on a reasonable consideration of the circumstances in existence at the time of the finding, including the individual's financial condition.
 {¶ 16} Because the trial court erred by suspending all court costs without a finding of indigency, the appellant's assignment of error is sustained.
KENNETH A. ROCCO, A.J., and JAMES J. SWEENEY, J., concur.
[1] Pursuant to R.C. 2949.08, R.C. 2947.14 and the equal protection clause, any pretrial confinement of a defendant on charges which ultimately are concluded by a conviction for a charge which constitutes a minor misdemeanor must be credited against any fine imposed. State v.Sparks (1990), 69 Ohio App.3d 400. In the present case, appellant did not plead to a minor misdemeanor. While he did spend two days in jail prior to his sentencing, his plea was to a fourth-degree misdemeanor punishable by up to thirty days in jail and a $250 fine.
[2] In Cleveland Municipal Court the basic court cost fee is set at $65. Of the total, $20 is forwarded to the city's general revenue fund. The collection of this cost is mandatory under Title VII Section 149.08
of the Codified Ordinances of the City of Cleveland. With respect to the state costs, $9 is paid to the victims of crime fund under R.C. 2743.70, and $11 is paid to the general revenue fund under R.C. 2949.091. A $3 fee is collected for computerization under R.C. 1901.261(A)(1), and an additional $10 computerization fee is collected under R.C. 1901.261(B)(1). Lastly, a special project fee of $12 is collected under 1901.26(B)(1). These costs are approved by the judges of the Cleveland Municipal Court.
[3] The court notes that unlike court costs, statutory procedures have been established for waiving mandatory fines. In order to avoid certain mandatory fines, the offender must (1) allege in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court must determine that the offender is, in fact, indigent. State v. Grissom, Lake App. No. 2001-L-107, 2002-Ohio-5154.
[4] Court costs, like mandatory fines, must be assessed absent a finding of indigency. However, courts must be mindful that there is a difference between a finding of indigency for purposes of receiving appointed legal counsel and the finding of indigency to avoid having to pay a mandatory fine. State v. Powell (1992), 78 Ohio App.3d 784. Thus, municipal and county courts should clearly understand that simply because a person is indigent for purposes of legal representation does not mean he is indigent for purposes of paying fines or court costs. A person who is indigent for purposes of receiving appointed legal counsel may still be required to pay fines and court costs depending on the specific factors the court finds in existence at the time they are levied.