[Cite as *State v. Weddington*, 2014-Ohio-1968.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA3560 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MELINDA K. WEDDINGTON, | : | |
| | : | **RELEASED: 5/6/14** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Jay S. Willis, Portsmouth, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____

Harsha, J.

{¶1}    In appealing her convictions for robbery, aggravated vehicular assault and failure to comply with an order of a police officer, Melinda Weddington argues that under the totality of the circumstances her waiver of counsel was not knowing, intelligent, or voluntary.  We agree.

{¶2}    The record shows that the trial court failed to literally comply with Crim.R. 44(C) by not securing a written waiver of Weddington's right to counsel.  Nor did the court substantially comply with the rule by engaging her in any dialogue about the nature of her charges or the statutory offenses included within them.  In fact the only discussion the court had with Weddington about her charges or possible punishment was that she was facing 20 years.  These deficiencies demonstrate that the trial court failed to make a sufficient inquiry to determine whether Weddington fully understood

and intelligently relinquished her right to counsel.   As a result her waiver was ineffective, so we must reverse the trial court's judgment.

## I. FACTS

{¶3}   Weddington's convictions stem from an incident at a Family Dollar store in Portsmouth, Ohio.  While Weddington was shopping, an assistant manager noticed her place several items inside her purse and when she tried to leave without paying for the items, the assistant manager blocked the exit.  When the assistant manager attempted to stop Weddington from leaving the store, she bit him on the arm and fled in her vehicle.  The assistant manager notified the police of the incident and gave them Weddington's license plate number.  The officers located her automobile and began a chase, which ended with Weddington striking an Access Scioto County bus.

{¶4}   The Scioto County Grand Jury returned a seven count indictment charging Weddington with: 1.) aggravated robbery; 2.) robbery; 3.) felonious assault; 4.) failure to comply with an order or signal of a police officer; 5.) possession of a drug abuse instrument; 6.) two counts of aggravated vehicular assault.  Weddington pleaded not guilty and the court appointed her counsel.   However, Weddington filed a pro se motion "to fire [her] court appointed attorney."  After a hearing the court granted her motion, but required that her court appointed attorney "remain on the case only as Standby Counsel."  The matter proceeded to trial and the jury convicted Weddington of robbery, aggravated vehicular assault and failure to comply with an order or signal of a police officer, and acquitted her of the remaining charges.  The trial court imposed sentence and this appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶5}**   Weddington raises three assignments of error for our review:

1. THE TRIAL COURT IMPROPERLY FOUND APPELLANT'S WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE, AND AS A RESULT, APPELLANT WAS DENIED HER RIGHT TO COUNSEL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AS WELL AS DUE PROCESS OF LAW.

2. THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S REQUEST TO HAVE FUNDS TO OBTAIN HER OWN EVALUATION FROM AN EXPERT PERTAINING TO THE COMPETENCY AND HER STATE OF MIND AT THE TIME OF THE ALLEGED OFFENSE DENYING HER RIGHT TO COUNSEL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNTIED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

3. THE TRIAL COURT FAILED TO HOLD A PROPER EVIDENTIARY HEARING IN VIOLATION OF R.C. 2945.37(B) TO DETERMINE WHETHER APPELLANT WAS COMPETENT TO STAND TRIAL DENYING APPELLANT'S DUE PROCESS RIGHTS.

### III. LAW AND ANALYSIS

**{¶6}**   In her first assignment of error, Weddington argues that the trial court violated her right to counsel under the federal and state constitutions because: 1.) she did not knowingly, intelligently, or voluntarily waive her right to counsel; 2.) it failed to appoint her substitute counsel; and 3.) it improperly permitted hybrid representation by her appointed "standby" counsel.

### A. Weddington's Failure to Assign Arguments as Error

**{¶7}**   To the extent that Weddington argues the trial court erred by failing to appoint substitute counsel upon her May 2013 "Motion for Appointment of Ohio Public Defender," she has failed to assign this argument as error. Likewise, she has failed to assign any error regarding standby counsel's alleged hybrid representation. "Appellate

courts review assignments of error-we sustain or overrule only assignments of error and not mere arguments." *State v. Harlow*, 4th Dist. Washington 13CA29, 2014-Ohio-864, ¶ 10. Because Weddington's first assignment of error very specifically challenges only her waiver of the right to counsel, we will not address her arguments that the trial court erred by failing to appoint the Ohio Public Defender as substitute counsel and improperly permitted hybrid representation by her appointed "standby" counsel. *See id.*

### B. Was Weddington's Waiver Knowing, Voluntary & Intelligent?

**{¶8}** Weddington contends that she did not knowingly, intelligently, or voluntarily waive her right to counsel because the trial court failed to advise her about the nature of her charges, the possible penalties, and the dangers and disadvantages of self-representation in violation her constitutional right to counsel.

**{¶9}** "The Sixth Amendment to the United States Constitution provides that criminal defendants shall have the right to the assistance of counsel for their defense." *State v. Bristow*, 4th Dist. Scioto Nos. 07CA3186, 07CA3187, 2009-Ohio-523, ¶ 12. Because a defendant also has the right of self-representation, he may "'defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.'" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 24, quoting *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. "To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *Bristow* at ¶ 12, citing *Gibson* at paragraph two of the syllabus.

{¶10} Moreover, Crim.R. 44, which addresses the right to counsel and its waiver, provides:

(A) Counsel in serious offenses

Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

* * *

(C) Waiver of counsel

Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

{¶11} A "serious offense" is any felony or misdemeanor "for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Because Weddington was charged with felonies punishable by confinement for more than six months, Crim.R. 44(A) and (C) apply to this case.

{¶12} "While literal compliance with Crim.R. 44(C) is the preferred practice, the written waiver provision of Crim.R. 44 is not a constitutional requirement, and, therefore * * * trial courts need demonstrate only substantial compliance." *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 38. "Thus, when a criminal defendant elects to proceed pro se in a 'serious offense,' the trial court must make a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. * * * Where substantial compliance occurs, the failure to require a written waiver is harmless error." *Bristow*, 4th Dist. Scioto Nos. 07CA3186, 07CA3187, 2009-Ohio-523, at ¶ 15, citing *Martin* at ¶ 39.

**{¶13}** In addressing waiver of counsel, the Supreme Court of Ohio has also

stated:

> "To discharge this duty properly in light of the strong presumption against
> waiver of the constitutional right to counsel, a judge must investigate as
> long and as thoroughly as the circumstances of the case before him
> demand.  The fact that an accused may tell him that he is informed of his
> right to counsel and desires to waive this right does not automatically end
> the judge's responsibility.  To be valid such waiver must be made with an
> apprehension of the nature of the charges, the statutory offenses included
> within them, the range of allowable punishments thereunder, possible
> defenses to the charges and circumstances in mitigation thereof, and all
> other facts essential to a broad understanding of the whole matter."

*Gibson*, 45 Ohio St.2d at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct.

316, 92 L.Ed. 309 (1948).  Furthermore, in order for the defendant to "competently and

intelligently * * * choose self-representation, he should be made aware of the dangers

and disadvantages of self-representation, so that the record will establish that 'he knows

what he is doing and his choice is made with eyes open.'"  *Faretta v. California*, 422

U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), quoting *Adams v. United States*

*ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1943); *State v.*

*Mootispaw*, 4th Dist. Highland No. 09CA33, 2010-Ohio-4772, ¶ 20.

**{¶14}**  "There is no single, definitive test to determine whether a defendant

voluntarily, knowingly, and intelligently waives the right to counsel."  *Mootispaw* at ¶ 21.

Instead, appellate courts should conduct a de novo review and independently examine

the record to determine whether the totality of circumstances demonstrates a knowing,

intelligent, and voluntary waiver of the defendant's right to counsel.  *Id.*

**{¶15}**  Our review of the record shows that Weddington never executed a written

waiver of her right to counsel and thus, it is clear the trial court did not strictly comply

with Crim.R. 44(C).  Likewise, we cannot say the trial court substantially complied with

Crim.R. 44(A) by making a sufficient inquiry to determine whether Weddington fully

understood and intelligently relinquished her right to counsel.

{¶16}  At a pretrial hearing on March 6, 2013, the trial court addressed

Weddington's pro se motion to "fire" her court appointed attorney, Bryan Scott Hicks:

> WEDDINGTON: Respectfully, Judge Marshall, I fired Mr. Hicks.
>
> THE COURT: You can't fire your court appointed attorney.
>
> WEDDINGTON: He cannot represent me, and I'd explain to you why if you'd listen to me, please, sir.
>
> THE COURT: Here's the way it works.  Okay.
>
> WEDDINGTON: Okay.
>
> THE COURT: I appoint the attorney.  Mr. Hicks has been representing clients in my court for a considerable amount of time.  He's a very good attorney.  If you choose to hire a lawyer, then it's on your own, but tell your lawyer to be prepared to go to trial, because I'm - -
>
> WEDDINGTON: If I cannot afford an attorney - -
>
> THE COURT: - - setting it for trial.
>
> WEDDINGTON:  - - I would rather represent myself.
>
> THE COURT: Well, we'll have to go through some lengthy dialog for you to represent yourself.  It's this Court's advice, I've never seen anybody represent themselves to the satisfaction of getting a - - getting any relief.
>
> WEDDINGTON: I - - I understand that, sir. And, you know, it's - -
>
> THE COURT: If you want to represent yourself, I can go over it right now and we'll get your jury trial date.  It will be about a week or two. Okay.
>
> WEDDINGTON: Well, it was my understanding that if you had just cause to fire your attorney you could.
>
> THE COURT: I didn't say you couldn't represent yourself.  I'm telling you that when you represent yourself, you have a fool for a client.
>
> WEDDINGTON: I - - I - -

THE COURT: Okay.

WEDDINGTON: Yeah, I believe that too.  I absolutely do believe that sir.  That's why I'm wanting to discuss with you why - -

THE COURT: I cannot force you - -

WEDDINGTON: - - I cannot - -

THE COURT: Ma'am, I cannot force you to have a lawyer if you wish to represent yourself.  You understand that?

WEDDINGTON: Yes.

THE COURT: But you'll also be held to the same rules of evidence that would bind a lawyer.  You understand that?

WEDDINGTON: Yes, am I going to have - -

THE COURT:  And you understand that the lack of knowledge of you, of these rules, would not be grounds for the Court to enforce them?

WEDDINGTON: Am I going to have access to a law library?

THE COURT: If you can find access, that's up to you. Okay.

WEDDINGTON: Well, I would have to - -

THE COURT: Ma'am, I'm going through this discussion with you.  You need to listen to me.

WEDDINGTON: Yes, sir.

THE COURT: And due to your lack of knowledge, you may not be able to ask questions that you would like - - like to ask, simply because you don't know the appropriate way to ask the question. Do you understand that?

WEDDINGTON: Yes, sir.

THE COURT: Okay.  That this Court will not function as your lawyer and will not give you any assistance.  You understand that?

WEDDINGTON: No.

THE COURT: Well, I won't - - I can't - - I cannot practice law for you. That the lawyer representing the State of Ohio is an experienced lawyer, and has had a number of jury trials. You understand that?

WEDDINGTON: Yes.

THE COURT: Okay. That you're facing a potential penalty of up to 20 years. You understand that?

WEDDINGTON: Yes.

THE COURT: And there are certain defenses to the allegations against you, which may be available to you, but there are rules governing affirmative defenses or mitigating offenses and this lack of knowledge of their existence or the appropriate procedure for introducing them, will not be grounds for appeal if you miss them. Do you understand that?

WEDDINGTON: No.

THE COURT: If you - - if you don't know how to raise the appropriate questions, I'm not going to tell you how to do it. You have to do it on your own. If you miss it, then it's not grounds for appeal.

WEDDINGTON: I believe I could raise the appropriate questions if I have access to a law library.

THE COURT: That your represent - - representing yourself may impart to the jury a negative connotation. You understand that?

WEDDINGTON: Could you repeat that, please?

THE COURT: And to be valid, the waiver is made within a[n] apprehension of the nature of the charges, the statutory offenses included, and the range of punishment, plus possible defenses to the charges and circumstances of mitigation, thereof, and  - -

MR. HICKS: Your Honor.

THE COURT: Yes.

MR. HICKS: If you could go back to the may raise a negative invocation [sic] with the jury? She had said she wanted clarification on that.

* * *

THE COURT: To be valid for you representing yourself, the waive - - the waiver must be made with an apprehension of the nature of the charges,

the statutory offense included, and the range of punishment, plus possible defenses to the charges and circumstances in mitigation, thereof. Okay? You understand you're facing a potential 20 years in prison?

WEDDINGTON: Yes, sir.

THE COURT: Okay.  All right.  And you wish to represent yourself?

WEDDINGTON: If you're not going to give me a new attorney.

THE COURT: I - - I am not appointing a new lawyer. You have a good lawyer.  And I'm setting this for trial.

WEDDINGTON: Sir, I do not have a good lawyer, and if you would allow me to, I would explain to you why he's not a good lawyer.  And I think that - - I mean, that's a fair reason.  I would give you reason and just cause.

THE COURT: You've been found competent to stand trial.  [Prosecutor], let's go to get a trial date.

* * *

THE COURT: Mr. Hicks.

MR. HICKS: Yes.

THE COURT: You're relieved from any further responsibility.

{¶17}  Thus, the record demonstrates that the trial court failed to sustain any dialogue with Weddington about the nature of her charges or the statutory offenses included within them.  In fact the only discussion the court had with Weddington about her charges or her possible punishment was that she was facing 20 years.  This alone is problematic.

{¶18}  In addition, the record also shows that Weddington answered she did not understand the court's statement that there may be certain defenses, including affirmative defenses, to her charges.  The only further explanation the trial court offered was that if she did not "know how to raise the appropriate questions, I'm not going to tell you how to do it."  At the beginning of the next hearing Weddington requested a written

transcript of the court's colloquy from the March, 6, 2013 hearing "because it would just be easier to understand if [she] could read it," and demonstrated her lack of understanding to the court by asking "is that what affirmative defenses means, or - - because I was thinking, like, you know, there's different defenses."

**{¶19}** Weddington also asked the court to repeat its statement that representing herself may impart a negative impression on the jury. The trial court ignored her request and continued with its questions. And the court's mere recitation that Weddington's waiver "must be made with an apprehension of the nature of the charges, the statutory offense included, and the range of punishment, plus possible defenses to the charges and circumstances in mitigation, thereof," was insufficient to cure its deficiencies.

**{¶20}** Thus contrary to the trial court's later statement that it "asked [Weddington] every single question that I'm required to ask you, and you insisted on representing yourself," it is clear from the record that it did not substantially comply with Crim.R. 44 and carry its duty to make a sufficient inquiry and ensure Weddington made a knowing, intelligent and voluntary waiver of her right to counsel.

**{¶21}** Moreover, we cannot conclude that Weddington's equivocal statement that she wished to represent herself only if the trial court would not appoint her new a new attorney constitutes a knowing, voluntary and intelligent waiver. This is especially so in light of the strong presumption against waiver of the constitutional right to counsel and her repeated unsuccessful attempts to explain to the court why she was seeking substitute counsel.

**{¶22}** We find it troubling that the trial court refused to listen to Weddington's reasons for seeking substitute counsel and in fact cut her off from addressing the court. A defendant bears the burden of demonstrating grounds for the appointment of new counsel. *State v. Carter*, 4th Dist. Ross No. 10CA3169, 2010-Ohio-6316, ¶ 45. "'If the defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.'" *Id.*, quoting *State v. Smith*, 4th Dist. Lawrence No. 98CA12, 1999 WL 4907, *2 (Dec. 29, 1998). Although the trial court found it dispositive that Mr. Hicks was a "very good attorney," grounds for obtaining newly appointed counsel exist upon a "'showing of good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result.'" *Carter* at ¶ 45, quoting *State v. Blankenship*, 102 Ohio App.3d 534, 558, 657 N.E.2d 559 (12th Dist.1995). Thus, the trial court's determination about appointed counsel's competency was not dispositive of the issue.

**{¶23}** Under the totality of the circumstances, we cannot say that Weddington made a knowing, intelligent and voluntary waiver of her right to counsel and sustain her first assignment of error. Our disposition of her first assignment of error renders her remaining assigned errors moot, so we decline to address them. *See* App.R. 12(A)(c).

## IV. CONCLUSION

**{¶24}** Having sustained Weddington's first assignment of error, we reverse the judgment and remand this action for proceedings consistent with this opinion.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**