[Cite as *State v. Weddington*, 2015-Ohio-5249.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3695 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| MELINDA K. WEDDINGTON, | : | |
| Defendant-Appellant. | : | **RELEASED: 12/14/2015** |

<u>APPEARANCES</u>:

Marc E. May, Portsmouth, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for appellee.

Harsha, J.

{¶1}    A jury convicted Melinda K. Weddington, who represented herself, of robbery, aggravated vehicular assault, and failure to comply with an order or signal of a police officer, and the trial court imposed sentence.  On appeal we held that Weddington did not make a knowing, intelligent, and voluntary waiver of her right to counsel, reversed the judgment, and remanded the cause for further proceedings.

{¶2}    On remand the trial court determined that Weddington was indigent and appointed counsel to represent her.  She pleaded guilty to robbery and aggravated vehicular assault, and the trial court sentenced her to prison.  The trial court found her indigent and thus imposed no fine, but assessed her with the costs of prosecution.  Her trial counsel did not move to waive costs at the sentencing hearing.  After Weddington received an itemized statement of her court costs totaling over $7,000, including costs associated with the prosecution of her jury trial that we reversed, she appealed and assigned two errors.  She first asserts that she was denied due process of law when the

trial court imposed court costs from her first trial. We agree. Because her original prosecution resulted in a reversal, the trial court failed to ensure that she knowingly, intelligently, and voluntarily waived her right to counsel, and she represented herself, the costs from the original proceeding cannot be assessed to her; costs may only be assessed from the point of our remand in her prior appeal to the final disposition of her case in the trial court. Consequently, we sustain her first assignment of error.

{¶3} Weddington next contends that trial counsel was constitutionally ineffective for failing to request a waiver of court costs at the sentencing hearing. Even assuming that her trial counsel's performance was deficient, Weddington cannot establish that she was prejudiced because under amended R.C. 2947.23(C), a motion for waiver of court costs can be filed at any time. Thus, we overrule her second assignment of error.

{¶4} Because we sustain her first assignment of error, we reverse the judgment of the trial court and remand the cause for a recalculation of costs.

## I. FACTS[1]

{¶5} Weddington's convictions stem from an incident at a Family Dollar store in Portsmouth, Ohio. While Weddington was shopping an assistant manager noticed her place several items inside her purse. When she tried to leave without paying for the items the assistant manager blocked the exit in an attempt to stop her from leaving the store. Weddington bit his arm and fled in her car. The assistant manager notified the police of the incident and gave them Weddington's license plate number. The officers located her car and chased her until she struck a bus.

---

[1] Some of the preliminary facts are taken from our decision in *State v. Weddington*, 4th Dist. Scioto No. 13CA3560, 2014-Ohio-1968.

{¶6}    In December 2012, the Scioto County Grand Jury returned an indictment charging Weddington with one count of aggravated robbery, one count of robbery, one count of felonious assault, one count of failure to comply with the order or signal of a police officer, two counts of aggravated vehicular assault, and one count of possession of a drug abuse instrument.  At her arraignment the trial court determined that she was indigent and appointed counsel for her.

{¶7}    Weddington later filed a pro se motion to fire her court appointed counsel. Following a hearing the trial court granted the motion, but required that the attorney remain on the case as standby counsel.  The case proceeded to trial and the jury convicted her of robbery, aggravated vehicular assault, and failure to comply with an order or signal of a police officer, and acquitted her of the remaining charges.  The trial court sentenced her to an aggregate 15-year prison sentence and ordered her to pay the costs of prosecution.  The trial court found her to be indigent and appointed counsel to represent her on appeal.

{¶8}    On appeal we reversed her convictions and sentence and remanded the cause for further proceedings.  *State v. Weddington*, 4th Dist. Scioto No. 13CA3560, 2014-Ohio-1968.  We held that the trial court failed to ensure that Weddington knowingly, intelligently, and voluntarily waived her right to counsel.  *Id.*

{¶9}    On remand the trial court again found Weddington indigent and appointed her counsel.  After a conflict developed between her and the attorney, the court appointed another attorney to represent her.  In January 2015, Weddington pleaded guilty to robbery and aggravated vehicular assault in return for the dismissal of the remaining charges.  At the plea hearing the trial court advised her of the maximum fines

for the offenses to which she pleaded guilty, but stated that it did not intend to fine her because she was indigent.  Nevertheless, the trial court noted that she would still have to pay court costs.

**{¶10}**  The trial court later sentenced Weddington to an aggregate five-year prison term.  At sentencing the trial court indicated, "I'll make a finding of indigence and therefore, impose no fine, but you are assessed the cost of this prosecution."  Weddington's appointed counsel did not request to have her court costs waived at the sentencing hearing.  When Weddington received an itemized statement of her court costs, she observed that it included the costs related to her first trial, and the costs totaled over $7,000.  The trial court found her to be indigent and appointed counsel to represent her on appeal.  We granted Weddington leave to file this delayed appeal.

## II. ASSIGNMENTS OF ERROR

**{¶11}**  Weddington assigns the following errors for our review:

1.  Appellant was denied due process of law when the trial court imposed court costs from her first trial.

2.  Appellant received ineffective assistance of counsel when her counsel failed to move to waive her court costs during sentencing.

## III. LAW AND ANALYSIS

### A.  Court Costs

**{¶12}**  In her first assignment of error Weddington asserts that she was denied due process of law when the trial court imposed court costs from her first trial.  In all criminal cases the judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs, even if the defendant is indigent.  R.C. 2947.23(A)(1)(a); *State v. White*, 103 Ohio St.3d 580, 2004–Ohio–5989,

817 N.E.2d 393, ¶ 8.  This statutory provision specifies that "[i]n all criminal cases, * * *

the judge * * * shall include in the sentence the costs of prosecution* * * and render a

judgment against the defendant for such costs."

{¶13}  Under R.C. 2947.23 the General Assembly "intended that costs of

prosecution * * * can be assessed against a defendant only if the state is successful."

*See State v. Powers*, 117 Ohio App.3d 124, 128, 690 N.E.2d 32 (6th Dist. 1996); *State*

*v. Karasek*, 2d Dist. Montgomery Nos. 17408 and 17563, 2002 WL 1041939, *6 (May

24, 2002) (trial court erred in ordering defendant to pay all the costs associated with her

prosecution pursuant to R.C. 2947.23, rather than just those associated with the charge

for which she was found guilty).  To reach this conclusion the Sixth District Court of

Appeals in *Powers* reasoned:

> With regard to R.C. 2947.23, the meaning of word "sentence" in the
> context of a criminal case is "[t]he judgment formally pronounced by the
> court or judge upon the defendant after his conviction in a criminal
> prosecution."  Black's Law Dictionary (6 Ed. 1990) 1362.  Accordingly, the
> intent of the statute is to impose costs on a defendant after his or her
> conviction.  When R.C. 2947.23 is read together with R.C. 2949.091,
> which expressly limits the imposition of costs to those instances in which
> an offender is convicted or pleads guilty, this intent becomes even more
> evident.

*Powers* at 128.

{¶14}  We find this construction of R.C. 2947.23 to be appropriate.  Consistent

with this approach courts have held that when a conviction and sentence are reversed

and the case is remanded, a subsequent successful prosecution should not result in the

imposition of costs against the defendant from the first trial.  *See, e.g., State v. Kortum*,

12th Dist. Warren No. CA2001-04-034, 2002 WL 237370, *9 (Feb. 19, 2002) (costs of

first jury trial should not be assessed against defendant because appeal of original conviction resulted in a reversal of that conviction).

{¶15}  More pertinently, in *Mayfield Hts. v. Brown*, 8th Dist. Cuyahoga No. 99222, 2013-Ohio-4374, the Eighth District Court of Appeals was faced with a factual situation strikingly similar to this case.  Betty J. Brown was charged with obstructing official business and was appointed counsel.  *Id.* at ¶ 2.  Brown discharged her court-appointed attorney, and the matter proceeded to a jury trial with Brown representing herself with the assistance of standby counsel.  *Id.* at ¶ 3.  The jury found her guilty of the charged offense, and the trial court sentenced her.  *Id.*  On appeal, however, the court of appeals reversed, holding that the trial court had failed to ensure that Brown had knowingly, intelligently, and voluntarily waived her right to counsel, and remanded the cause for a new trial.  *Id.*  Brown was convicted in the retrial, and the court imposed sentence and ordered her to pay court costs, including costs from the original trial.  *Id.* at ¶ 4, 14.

{¶16}  On appeal from the second conviction and sentence, Brown claimed that she was denied due process of law when the trial court ordered her to pay costs from her first trial.  The court of appeals agreed and held that based on precedent, including *Powers* and *Kortum*, the trial court erred in imposing costs associated with the state's prosecution of the first trial, which had been rendered unsuccessful because of the first appeal:

> In accordance with the foregoing, since the defendant's original conviction was reversed because the trial court failed to ensure that she knowingly, intelligently, and voluntarily waived her right to counsel, and that she voluntarily represented herself, the costs from the original proceedings cannot be assessed to her.  Rather, costs may only be assessed from the point of our remand in *Brown I*, *i.e.*, January 19, 2012, to final disposition.

{¶17}  Similarly, after Weddington's jury trial ended in her original convictions and sentence, we reversed and remanded, holding that the trial court failed to ensure that she knowingly, intelligently, and voluntarily waived her right to counsel.  Although those proceedings resulted in her new convictions and sentence, R.C. 2947.23(A)(1)(a) does not authorize the trial court to assess costs from the original trial because that prosecution was ultimately unsuccessful as the result of our reversal in *Weddington*, 2014-Ohio-1968.  *See Mayfield Hts.* and *Kortum*.

{¶18}  Based on R.C. 2947.23(A)(1)(a) and the cases interpreting it, the trial court erred in assessing costs of the prosecution beyond those from the date of our remand in *Weddington* to the final disposition of her case in the trial court.  We sustain Weddington's first assignment of error.

### B.  Ineffective Assistance of Counsel

{¶19}  In her second assignment of error Weddington contends that her trial counsel on remand was ineffective for failing to move to waive her court costs during sentencing.  To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, *i.e.*, performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 42.  The defendant has the burden of proof because in Ohio, a properly licensed attorney is presumed competent.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860

N.E.2d 77, ¶ 62.  Failure to satisfy either part of the test is fatal to the claim.  *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶20}  Weddington claims that his trial counsel was ineffective because he did not object to the imposition of court costs when she was indigent.  As noted R.C. 2947.23(A) requires trial courts to assess costs against all criminal defendants, including indigent ones.  *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.  But a trial court may waive the payment of court costs if the defendant makes a motion to waive court costs.  *See State v. Savage*, 4th Dist. Meigs No. 15CA2, 2015-Ohio-4205, ¶ 29, citing *Clevenger* at paragraph two of the syllabus.

{¶21}  Weddington argues that because her counsel did not move to waive costs at sentencing even though he knew that she was indigent and the trial court consistently found her to be indigent, she received deficient counsel. Likewise, that deficiency prejudiced her because the failure to timely raise the issue at sentencing resulted in a waiver of the issue and made the matter of court costs res judicata.  *See Clevenger* at ¶ 5 (if the defendant fails to make a motion to waive costs at the time of sentencing, "the issue is waived and [the matter of] costs [is] res judicata").

{¶22}  However, Weddington's argument is meritless because it ignores the fact that R.C. 2947.23, which previously authorized trial courts to waive the payment of the costs of prosecution at the time of sentencing, was amended effective March 22, 2013, well before her sentencing hearing following remand.  As amended, RC. 2947.23 provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code at the time of sentencing *or at any time thereafter*."  (Emphasis added.)

**{¶23}** In *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, we concluded that this amendment made it difficult—if not impossible—to establish prejudice as a result of counsel's failure to move for a waiver of costs at sentencing:

> The statutory provision in R.C. 2947.23(C) adds another facet to our ineffective assistance of counsel analysis because a defendant is no longer required to move for a waiver of court costs at the sentencing hearing or waive it—strategic timing may now play a role in trial counsel's decision—and prejudice resulting from a failure to move at the sentencing hearing is harder, if not impossible, to discern.
>
> Trial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time when the trial court had time to either reflect upon its sanctions or the vividness of the impact of Farnese's conduct had faded. The Third District Court of Appeals recently addressed a defendant's ineffective assistance of counsel claim arising from trial counsel's failure to request a waiver of court costs at the sentencing hearing under R.C. 2947.23(C) and held that any error in failing to move to waive court costs at the sentencing hearing is not prejudicial  * * *[.  *See State v. Williams*, 3d Dist. Auglaize No. 2-13-31, 2014-Ohio-4425, ¶ 17.]
>
> Because Farnese cannot show he was prejudiced by counsel's failure to move for a waiver of costs, we overrule Farnese's second assignment of error.

**{¶24}** Similarly, because Weddington is not precluded from now seeking waiver of the payment of costs based on her indigency, her trial counsel's failure to move to do so at sentencing did not prejudice her. *Farnese* and *Savage*. We overrule Weddington's second assignment of error.

## IV. CONCLUSION

**{¶25}** The trial court erred in imposing costs associated with Weddington's first trial. Having sustained Weddington's first assignment of error, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion. Any pending motions are denied as moot.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs. Any pending motions are denied as being moot.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**