The STATE of Ohio, Appellee,

v.

VORDENBERGE, Appellant.

[Cite as *State v. Vordenberge,* 148 Ohio App.3d 488, 2002-Ohio-1612.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–010493 and C–010494.

Decided March 22, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Rebecca L. Collins, Assistant Prosecuting Attorney, for appellee.

Reisenfeld & Associates and Michael E. Finucane, for appellant.

MARK P. PAINTER, Presiding Judge.

{¶ 1} Appellant James Vordenberge appeals his conviction for the first-degree misdemeanor of assault and the fourth-degree misdemeanor of criminal trespassing, both of which carried a potential term of imprisonment. Following a bench trial in which Vordenberge appeared pro se, the trial court sentenced Vordenberge to 180 days' incarceration on the assault charge and to thirty days' incarceration on the criminal-trespass charge. It suspended the jail time conditioned on Vordenberge's successful completion of six months' probation.

{¶ 2} Vordenberge contends in his sole assignment of error that the trial court erred by imposing a sentence of incarceration without first determining whether his waiver of counsel was knowingly, intelligently, and voluntarily made. He is correct.

{¶ 3} Vordenberge signed a written waiver-of-counsel form at his arraignment. The waiver stated that he had been advised of his right to counsel at the hearing and for subsequent hearings, and that he could apply for the appointment of an attorney if he could not hire one. The written waiver also stated that Vordenberge understood his right to have an attorney at the present and future hearings, that he could retain an attorney before his next hearing date, and that he waived his right to counsel. Vordenberge signed a form containing the same information on the day of his trial.

{¶ 4} Before the trial began, the trial court asked Vordenberge whether he were ready to proceed. Vordenberge responded affirmatively. The state then called its first witness. The record indicates that, before the witness was sworn, there was some confusion whether the criminal-trespassing complaint had been filed. The trial court asked Vordenberge whether he were ready to proceed on the criminal-trespass charge as well. He responded that he was.

{¶ 5} The court then stated, "You understand you should have been cited to court, I guess on both of these [charges], and/or served a copy of the documents?" Vordenberge responded, "No, I don't understand that. All I know I had to be here in court June 9 on Thursday and I did appear." (Vordenberge was referring to his June 7 arraignment.) He informed the court that he was aware of his need to appear on that date because he had been directed to do so by the citation, and that the citation had contained both charges.

{¶ 6} When the court asked Vordenberge whether his readiness to proceed on his assault charge also included his readiness to proceed on the criminal-trespassing charge, he replied, "Yes." The court then told Vordenberge that he could go to jail for 30 days and be fined $250 and costs, apparently for a conviction on the criminal-trespassing charge. Vordenberge stated that he understood and agreed that he wanted to waive counsel on that charge as well. Nothing was said about the assault charge or the penalties that could have resulted from it.

{¶ 7} The trial court accepted the waiver and the trial began. Vordenberge cross-examined one of the state's four witnesses. He and his wife testified in his defense. The trial court did not inform him that he had the right not to testify.

{¶ 8} Vordenberge argues that his waiver at arraignment was insufficient to constitute a waiver of his counsel at trial. Vordenberge contends that only the trial court's colloquy before trial should be considered when determining whether his waiver was valid, and that the trial court's inquiry on the day of trial was inadequate to determine whether he fully understood and was intelligently relinquishing his right to counsel at trial. The state concedes that the trial court's inquiry at trial was insufficient to support Vordenberge's waiver of counsel but argues that Vordenberge's waiver at arraignment constituted a valid waiver of counsel that continued through the trial. It further argues that we must presume that the judge or magistrate who conducted Vordenberge's arraignment engaged in an inquiry sufficient to determine that his waiver of counsel was knowingly, voluntarily, and intelligently made, because Vordenberge has failed to provide for review a transcript of the arraignment proceedings.

{¶ 9} We do not presume a waiver of the Sixth Amendment right to counsel from a silent record. "Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. * * * Therefore, a waiver may not be presumed from a silent record. * * * Rather, the waiver must affirmatively appear in the record. * * * The state has the burden of overcoming presump-

tions against a valid waiver."[1] Even if we presume that the arraignment judge or magistrate had adequately inquired into Vordenberge's waiver of counsel, that presumption would not change the result in this case. As explained below, for a waiver of counsel at trial to be constitutionally valid, the trial court, prior to the commencement of trial, must determine whether the waiver is knowingly, voluntarily, and intelligently made.

{¶ 10} Crim.R 5 provides that, at the preliminary examination, a defendant should be given certain information, including his right to counsel and the right to a continuance to secure counsel. Crim.R. 10 requires at arraignment that the defendant be informed of his right to counsel and his right to a continuance to secure counsel.

{¶ 11} The right to counsel applies to misdemeanor prosecutions that could result in incarceration.[2] The court conducting the trial where a defendant wishes to waive his right to counsel "must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."[3]

{¶ 12} In determining whether a defendant has knowingly, intelligently, and voluntarily waived his right to be represented by counsel, the trial court is required to undertake a two-part inquiry: (1) whether the defendant is competent to waive the right to counsel if it has reason to doubt the defendant's competency, and (2) whether the waiver is knowing and voluntary.[4] For the waiver to pass constitutional muster, the defendant must have "some sense of the magnitude of the undertaking and the hazards inherent in self-representation."[5] For the trial

1. See *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034, 1035–1036 (citations deleted); *State v. Wellman* (1974), 37 Ohio St.2d 162, 162, 66 O.O.2d 353, 353–354, 309 N.E.2d 915, 916, paragraph two of the syllabus; *Cincinnati v. Baskin* (Dec. 15, 1993), Hamilton App. No. C–930050, 1993 WL 516391; *State v. Boughner* (Dec. 17, 1999), Geauga App. No. 98–G–2161, 1999 WL 1297606. See, also, *State v. Doane* (1990), 69 Ohio App.3d 638, 649, 591 N.E.2d 735, 742. Accord *State v. Crandall* (1983), 9 Ohio App.3d 291, 9 OBR 538, 460 N.E.2d 296; *In re Hoover* (Sept. 27, 2000), Summit App. No. 19284, 2000 WL 1420280. But, see, *State v. Fowler* (July 8, 1996), Tuscarawas App. No. 96–1930, 1996 WL 488882; *State v. Lucas* (Dec. 4, 1991), Marion App. No. 9–90–81, 1991 WL 259043.

2. See *State v. Wellman* at 162, 66 O.O.2d at 353–354, 309 N.E.2d at 916, paragraph one of the syllabus; *Cincinnati v. Baskin,* supra; *State v. Nichols* (1997), 122 Ohio App.3d 631, 635, 702 N.E.2d 504, 505.

3. See *State v. Gibson* (1976), 45 Ohio St.2d 366, 366,, 74 O.O.2d 525, 525, 345 N.E.2d 399, 400, paragraph two of the syllabus.

4. See *State v. Watson* (1998), 132 Ohio App.3d 57, 63, 724 N.E.2d 469, 472.

5. See *State v. Ebersole* (1995), 107 Ohio App.3d 288, 294, 668 N.E.2d 934, 938, quoting *State v. Weiss* (1993), 92 Ohio App.3d 681, 685, 637 N.E.2d 47, 50.

court to provide an effective waiver of counsel, it should candidly and thoroughly discuss with the defendant " 'the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' " [6] Further, the trial court must inform the defendant that "he will be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial." [7] Whether the waiver is knowing and voluntary must be decided on a case-by-case basis. [8]

{¶ 13} Even assuming that Vordenberge was informed of his right to counsel at his arraignment as required by the criminal rules applicable to that proceeding, we conclude that being told of his right to counsel and waiving that right in a written form at that time were, standing alone, insufficient to demonstrate a knowing, intelligent, and voluntary waiver of counsel for trial. The inquiry necessary to establish a constitutionally valid waiver for trial is, by its nature, more suited to the trial court, and not the arraignment proceeding. The "cattle call" nature of arraignment proceedings does not lend itself to the judge or magistrate conducting an inquiry sufficient to pass constitutional muster.

{¶ 14} Thus, we hold that even if a defendant waives his right to counsel during arraignment, that waiver is effective for that proceeding only. The trial court, before proceeding to trial, must make an independent inquiry into whether a defendant's waiver of counsel at trial is knowingly, voluntarily, and intelligently made.

{¶ 15} The record fails to demonstrate that the trial court informed Vordenberge of anything other than his right to counsel and the consequences of a conviction on the criminal-trespassing charge. This was insufficient. Because the trial court failed to engage in an inquiry sufficient to determine whether Vordenberge was knowingly, voluntarily, and intelligently waiving his right to

6. See *State v. Watson* at 64, 724 N.E.2d at 473, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321; *State v. McCray* (Mar. 27, 1985), Hamilton App. No. C–840426, 1985 WL 6717.

7. See *State v. Doane* at 646–647, 591 N.E.2d at 741. See, also, *State v. Boyle* (Aug. 28, 1996), Hamilton App. No. C–950670, 1996 WL 482945 (failure to warn defendant of hazards of the rules of evidence resulted in ineffective waiver of counsel).

8. See *State v. Watson* at 64, 724 N.E.2d at 473.

counsel at trial, we sustain Vordenberge's assignment of error, reverse the trial court's judgment, and remand the case for a new trial.

Judgment reversed
and cause remanded.

HILDEBRANDT and SUNDERMANN, JJ., concur.