JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, David J. Dalton, appeals from his conviction for failing to file a 2000 Bedford municipal tax return and for failing to pay the tax. He asserts the evidence was insufficient to prove that he was a resident of the City of Bedford, and he was deprived of his right to counsel. Although we find the evidence was sufficient to support the convictions, we find no evidence in the record that appellant knowingly, intelligently and voluntarily waived his right to counsel at trial. Therefore, we reverse and remand for a new trial.
 {¶ 2} On October 30, 2003, the Bedford Municipal Court issued summonses and complaints which alleged that appellant failed to file and pay Bedford municipal taxes for 2000, both first degree misdemeanors. Appellant was ordered to appear at the Bedford Municipal Court on November 17, 2003. The case proceeded to trial before the court on December 8, 2003. The court found appellant guilty and continued the matter to January 5, 2004 for sentencing. On January 7, 2004, the court then entered identical judgment entries on the two charges which stated:
 {¶ 3} "Defendant having been fully informed of his/her rights pursuant to criminal rule 5, and the matter being duly heard and the court being fully advised in the premises and having asked whether defendant has anything to say as to why judgment should not be pronounced against him/her and defendant not showing sufficient cause, it is the sentence of the law and judgment of the court that:
 {¶ 4} "Defendant sentenced as follows:
 {¶ 5} "Case Called; Defendant present WITH counsel, defendant advised of rights.
 {¶ 6} "All parties present. Trial held. Defendant found GUILTY. Defendant fined $1000.00, and Costs, and ordered to serve 180 days in the Bedford Jail.
 {¶ 7} "Defendant wishes to Appeal: Cash bond set at $5000.00 to cover both 03CRB-2147A, B. Appeal bond having been posted, execution of sentenced stayed pending Defendant's Appeal.
 {¶ 8} "Adjudicated by Peter J. Junkin, Judge."
 {¶ 9} Appellant first argues the evidence was insufficient to find that he was a resident of the city of Bedford for residence tax purposes. Persons required to file a return and pay a tax in Bedford include "residents" with "taxable income." See Bedford Ord. 161.21, 163.01, 169.01, and 169.07. "Resident" is defined as "an individual domiciled in the City." Bedford Ord. 161.17.
 {¶ 10} "Domicile has been defined as a place where a person lives, or has his home, a place where an individual has his true, fixed, permanent home and principal residence established, a place to which the individual intends to return whenever he is absent, and from which he has no present intent to move." EastCleveland v. Landringham (1994), 97 Ohio App.3d 385, 389. Establishment of a domicile requires two elements, residence and intent to remain. Id. at 390. The city bore the burden of proving appellant's domicile, because its right to collect taxes from appellant depended upon establishing this fact.
 {¶ 11} At trial, the tax collector for the city of Bedford testified that the city received information from the Ohio Lottery Commission that appellant won two million dollars in 2000. The claim form which appellant submitted to the lottery commission on March 1, 2000 stated that his address was in Bedford. Federal and state income taxes were withheld, and a check was sent to appellant in the amount of $1,370,000. This check included the Bedford address, and was endorsed and cashed by appellant. The forms W-2G which the commission issued to appellant listed his address in Bedford. Appellant's driver's license, issued in February 2000, showed the same address in Bedford. A public records check indicated that appellant purchased a residence in Burton, Ohio, in August 2000. The tax collector testified that the tax administrator for the Central Collection Agency indicated that appellant had filed a tax return in Burton for the year 2000, but did not include the lottery winnings on that return.
 {¶ 12} The address appellant gave to the driver's license bureau before he submitted his lottery claim, and the address he gave to the lottery commission in order to collect his winnings are sufficient evidence of appellant's domicile. Although he actually did move in August 2000, there is no evidence that he had any intention of moving from the Bedford address at the time he claimed the lottery prize. The trial court could properly infer from the five month delay from the time appellant claimed his winnings until the time appellant moved that appellant did intend to remain there indefinitely. Therefore, we find the evidence was sufficient to support the municipal court's judgment.
 {¶ 13} Appellant also argues that the court denied him his right to counsel at trial. The trial transcript demonstrates that appellant did not have counsel at trial, but no record of the initial appearance was provided to us. The city urges us to presume the validity of the lower court proceedings from this silent record. However, "[w]e do not presume a waiver of the Sixth Amendment right to counsel from a silent record. `Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. * * * Therefore, a waiver may not be presumed from a silent record. * * * Rather, the waiver must affirmatively appear in the record. * * * The state has the burden of overcoming presumptions against a valid waiver.'"State v. Vordenberge (2002), 148 Ohio App.3d 488, 491-92, citing State v. Dyer (1996), 117 Ohio App.3d 192, 195; Statev. Wellman (1974), 37 Ohio St.2d 162, paragraph two of the syllabus.
 {¶ 14} Even if we presumed that the judge at the initial appearance had adequately informed appellant of his right to counsel as required by Crim.R. 5, that presumption would not change the result in this case. The right to counsel applies to misdemeanor prosecutions that could result in incarceration, such as those involved here. Crim.R. 44(B). For a waiver of counsel at trial to be constitutionally valid, the trial court, prior to the commencement of trial, must determine whether the waiver is knowingly, voluntarily, and intelligently made. "The court conducting the trial where a defendant wishes to waive his right to counsel `must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right.'" Id. at 492. Being informed of the right to counsel at the initial appearance does not demonstrate a knowing, intelligent and voluntary waiver of that right. Therefore, we sustain the second assignment of error, and reverse and remand for a new trial.
 {¶ 15} Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. and Calabrese, Jr., J. concur.