[Cite as *State v. Robinson*, 2016-Ohio-3330.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150346 |
|  |  | TRIAL NO. B-1305335 |
| Plaintiff-Appellee, | : |  |
| vs. | : | *O P I N I O N.* |
| STANLEY DION ROBINSON, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: June 10, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David H. Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Stanley Dion Robinson was indicted for and found guilty by a jury of (1) trafficking in heroin, (2) having a weapon while under a disability, (3) carrying a concealed weapon, and (4) receiving stolen property. The trial court merged the carrying a concealed weapon count and the receiving stolen property count with the having a weapon while under a disability count, and convicted Robinson of trafficking in heroin and having a weapon while under a disability. The trial court sentenced Robinson to a total of 72 months' imprisonment. Robinson has appealed his convictions, asserting three assignments of error. We reverse that portion of the trial court's judgment convicting Robinson of trafficking in heroin as a third degree felony, and remand this cause for the trial court to enter a judgment convicting Robinson of trafficking in heroin as a fourth degree felony. We affirm the trial court's judgment in all other respects.

### Procedural Posture

{¶2} At the arraignment before a magistrate on September 6, 2013, Robinson, who proceeded pro se, refused to plead to the charges in the indictment. Instead, he asserted that he was a "sovereign citizen" and was in front of the court "under duress and threat on behalf of the matters." A not guilty plea was entered for him, and the magistrate set bond at $100,000. Several days later, the trial court appointed defense counsel for Robinson.

{¶3} Thereafter, Robinson filed several pro se filings. He first filed a "Notification of Reservation of Rights U.C.C. 1-308 U.C.C. 1-207" on October 13, 2013. On April 11, 2104, he separately filed a "Notice of Motion for Preliminary Hearing Transcripts" and a "Notice for Motion to Appear Before the Court," in which

he expressed his desire to represent himself and alleged a conspiracy when the trial court appointed defense counsel to represent him. Because Robinson was represented, the trial court struck Robinson's motions. Robinson made another filing on July 8, 2014, entitled "Notice of Motions, Defendants [sic] Motion of None [sic] Acceptance of Plea, Contract or Jurisdiction, Motion to Challenge Subject Matter Jurisdiction, and Motion to Dismiss." On July 15, 2014, the trial court struck that filing from the record.

{¶4} On July 28, 2014, the trial court ordered that Robinson undergo a psychiatric examination by the Court Clinic Forensic Services in order to determine his mental condition. At a hearing on the matter on September 23, 2014, Robinson's defense counsel stipulated to the Court Clinic Forensic Services' report that found Robinson competent to stand trial.

{¶5} On December 1, 2014, Robinson filed another pro se motion entitled "Motion to Dismiss/Remove Court Appointed Counsel, and Notice of Reestablishment of Defendants [sic] Sixth (6) Amendment Rights." The trial court did not strike that motion from the record.

{¶6} Immediately prior to trial, Robinson reiterated that he wanted to proceed pro se. The trial court first explained to Robinson the state's burden of proof, the charges and the possible penalties he was facing upon conviction, as well as the state's proposed plea offer. Upon Robinson's rejection of the plea offer, the trial court proceeded patiently with Robinson, engaging him in a thorough and candid discussion about self-representation—specifically, the requirements for a knowing, intelligent, and voluntary waiver of counsel. The discussion that followed, stemming from Robinson's assertion that he was a Moorish-American, and therefore a

"sovereign citizen," culminated in the trial court permitting Robinson to proceed pro se.

{¶7} The case proceeded to a jury trial, during which Robinson actively participated. The state presented eight witnesses who were cross-examined by Robinson. Robinson signed a written waiver of counsel on the second day of trial. At the conclusion of the trial, the jury rendered guilty verdicts on all four counts.

{¶8} At his sentencing hearing, the trial court sentenced Robinson to 36 months' incarceration for trafficking in heroin. The trial court merged counts three and four with count two, and sentenced him to 36 months' incarceration for having a weapon while under a disability, to be served consecutively to the sentence on count one. Robinson timely appealed.

## Assignments of Error

### I. Failure to Communicate with Attorney before Trial

{¶9} In his first assignment of error, Robinson argues that the trial court erred by not sufficiently investigating his claims that his appointed counsel had failed to communicate with him prior to trial. This argument is without merit.

{¶10} The Supreme Court of Ohio has imposed an affirmative duty upon the trial court to inquire, on the record, into a defendant's complaints regarding the adequacy of his appointed counsel. *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), syllabus; *see State v. Keith*, 79 Ohio St.3d 514, 524, 684 N.E.2d 47 (1997). The "limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 97, quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 68. When there are sufficiently specific complaints about defense counsel's representation, it is the duty of the trial

court to perform its own investigation into the defendant's allegations and put it into the record. *Deal* at 19.

{¶11} Here, the record demonstrates that the trial court inquired numerous times into Robinson's desire to represent himself, and whether that desire stemmed from the adequacy of his appointed defense counsel. Robinson was adamant about representing himself, arguing that "nobody can represent me better than me." After further prodding by the trial court, Robinson claimed that his defense counsel was incompetent because defense counsel did not visit him for 11 months, continued the case numerous times and spoke to others regarding the case without his knowledge or consent. Robinson claimed that he was scared and intimidated by his defense counsel, and that his defense counsel had called him names. Defense counsel responded, "That was after you threatened me." The trial court followed, "[I]s it [your defense counsel] or is it the fact that you're just thinking you can do a better job on your own?" Robinson responded, "It's both." When the trial court asked whether Robinson would work with another attorney, Robinson responded, "No, I will not." The record further demonstrates that defense counsel claimed that Robinson had refused to meet with him and discuss the case. Moreover, Robinson stated that he had not consented to defense counsel's representation.

{¶12} It is apparent from the record that trial court made a sufficient inquiry into Robinson's dissatisfaction with his defense counsel. Therefore, we overrule his first assignment of error.

## II. Sixth Amendment Right to Self-Representation and Counsel

{¶13} In his second assignment of error, Robinson asserts that the trial court violated his right to self-representation and right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio

Constitution. Robinson puts forth a double-edged argument that (1) the trial court violated his right to self-representation by appointing counsel for the pretrial stages of his case, and that (2) the trial court violated his right to counsel by permitting him to act pro se at trial. Although Robinson's arguments might best be served with two separate assignments of error, his arguments are, nonetheless, without merit.

{¶14} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to counsel, but also provide a defendant the constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 89. A defendant may waive his right to counsel and defend himself when he knowingly, voluntarily, and intelligently elects to do so. Crim.R. 44(A); *State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 24; *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. Courts are to indulge in every reasonable presumption against the waiver of the right to counsel. *State v. Vordenberge*, 148 Ohio App.3d 488, 491, 774 N.E.2d 278 (1st Dist.2002).

{¶15} The trial court is to undertake a two-part inquiry when determining whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel. *Id.* at 492. The trial court must determine "(1) whether the defendant is competent to waive the right to counsel if it has reason to doubt the defendant's competency, and (2) whether the waiver is knowing and voluntary." *Id.*; *see State v. Watson*, 132 Ohio App.3d 57, 63, 724 N.E.2d 469 (8th Dist.1998).

{¶16} Here, Robinson appears to argue that the trial court erred by appointing counsel, against his wishes to proceed pro se, subsequent to arraignment and up to

the point of trial; and that the trial court erred when it allowed him to waive counsel and proceed pro se at trial.

{¶17} In situations in which a defendant asserts a right to self-representation, the trial court must first determine whether the defendant is competent, if the trial court has reason to doubt his competency. "The standard of competency to waive the right to counsel is whether a defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has a 'rational as well as factual understanding of the proceedings against him.' " *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 27, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶18} Soon after appearing pro se at his arraignment, Robinson was appointed defense counsel in accordance with Crim.R. 44(A). *See Vordenberge,* 148 Ohio App.3d at 491, 774 N.E.2d 278 (waiver of counsel at arraignment is effective only for that proceeding).

{¶19} Despite having defense counsel, Robinson made several pro se filings. Although Robinson had the right either to appear pro se or to have counsel, he had no corresponding right to act as counsel when counsel had been appointed for him. *See State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987); *but see Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 28 (courts may appoint standby counsel to assist a pro se defendant).

{¶20} Robinson argues that the appointment of counsel violated his constitutional right to self-representation. Although Robinson filed a motion in which he indicated his desire to represent himself, Robinson's behavior at the arraignment and his pro se filings caused the trial court to question his competency and order an evaluation. *See State v. Were*, 94 Ohio St.3d 173, 176, 761 N.E.2d 591

(2002) (the numerous pro se motions cast doubt on the defendant's competency). Once the trial court questioned Robinson's competency, it could not properly permit Robinson to waive counsel without a competency hearing and a determination of competency. *See State v. Bevins*, 1st Dist. Hamilton Nos. C-010316 and C-010317, 2002 Ohio App. LEXIS 1299, *5 (Mar. 22, 2002). After he was deemed competent, Robinson filed pro se a motion entitled "Motion to Dismiss/Remove Court Appointed Counsel, and Notice of Reestablishment of Defendants [sic] Sixth (6) Amendment Rights." The trial court conducted a hearing before trial, and therefore did not prejudice Robinson's right to self-representation. *See State v. Obermiller*, ____ Ohio St.3d ____, 2016-Ohio-1594, ____ N.E.3d ____, ¶ 35-36 (trial court does not err when it does not rule immediately upon defendant's request for self-representation).

{¶21} Finally, Robinson contends that trial court erred when it permitted him to represent himself at trial without determining whether his waiver of counsel was made knowingly, intelligently, and voluntarily. This argument is without merit.

{¶22} The trial court is required to make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes his right to counsel. *Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 89, quoting *Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399, at paragraph two of the syllabus. The record demonstrates that the trial court properly engaged in a lengthy, candid, and thorough discussion of the nature of the charges in each indictment, the statutory offenses included within them, the range of allowable punishments, possible defenses, and circumstances in mitigation. *See Vordenberge,* 148 Ohio App.3d at 493, 774 N.E.2d 278; *Gibson* at 377.

{¶23} Robinson's waiver of counsel was intelligent as he "[knew] what he [was] doing and his choice [was] made with eyes open." *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Robinson affirmed to the court that he had some college education, was aware of the facts of the case, was familiar with the court system, and comprehended that he was going to be subject to and bound by the laws of the state of Ohio. *See Tovar* at 88 (intelligent waiver of counsel will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding). Additionally, the trial court explained the difficulty of self-representation, especially given the charges and the potential consequences. The trial court had the state discuss the circumstances of the case and the strength of its evidence. The trial court also emphasized to Robinson that he did not have the skill and expertise of a lawyer, and would not know the proper procedure, all of which could hinder him at trial.

{¶24} The record demonstrates that the trial court complied with Crim.R. 44(A), and had Robinson sign a written waiver of counsel in compliance with Crim.R. 44(C). *See Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at paragraph two of the syllabus; *Vordenberge* at 491.

{¶25} We conclude that the trial court did not violate Robinson's constitutional right to counsel or his right to self-representation. Therefore, we overrule his second assignment of error.

### III. Verdict Form

{¶26} In his third assignment of error, Robinson asserts that the trial court erred in convicting him of trafficking in heroin as a third degree felony. Robinson

contends that the verdict form did not comply with the requirements of R.C. 2945.75(A) because it did not state the degree of the offense or the existence of an additional element to enhance the seriousness of the offense to a third degree felony. We agree and sustain this assignment of error.

{¶27} R.C. 2945.75(A) provides:

> When the presence of one or more additional elements makes an offense one of more serious degree: * * * (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶28} R.C. 2945.75(A) is "a clear and complete statute," and there must be strict compliance with the mandates of the statute. *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374, ¶ 14; *State v. Johnson*, 1st Dist. Hamilton No. C-120250, 2016-Ohio-781, ¶ 12. The statute requires that upon the failure to include the appropriate language in a guilty verdict that makes the offense one of a more serious degree, the guilty verdict is changed to constitute "a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2); *State v. Sims*, 1st Dist. Hamilton Nos. C-150252 and C-150253, 2015-Ohio-4996, ¶ 19; *see McDonald* at ¶ 14; *Johnson* at ¶ 14. Merely proving an additional element at trial is not sufficient. *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 14; *See McDonald* at ¶ 17.

{¶29} The state urges us to follow *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, and find that the additional element in the indictment was sufficient for compliance with the statute. Subsequent to *Eafford,* however, the

Ohio Supreme Court set forth very clear guidelines in *McDonald*, upon which we relied in *Johnson*. We find *McDonald* and *Johnson* to be controlling here.

{¶30} R.C. 2925.03(A)(1) provides that "[n]o person shall knowingly * * * sell or offer to sell a controlled substance[.]" If the controlled substance involved is heroin, then it is a fifth degree felony. R.C. 2925.03(C)(6)(a). However, the offense becomes one of a more serious degree, a fourth degree felony, if the offense was committed within "the vicinity of a school or in the vicinity of a juvenile." R.C. 2925.03(C)(6)(b). If amount of the controlled substance equals or exceeds one gram but is less than five grams and the offense is committed within the vicinity of a school or juvenile, then the offense is elevated to a third degree felony. R.C. 2925.03(C)(6)(c).

{¶31} Here, the indictment alleged under count 1 that Robinson had committed the trafficking offense within the vicinity of a school or of a juvenile, and that the amount of the controlled substance equaled or exceeded one gram but was less than five grams. The evidence presented at trial demonstrated that the controlled substance was heroin, which amounted to 1.53 grams, and that the offense occurred within the vicinity of a school and of a juvenile. The jury verdict form, however, stated,

> We the jury, in the issue joined, find the Defendant, STANLEY DION ROBINSON, **GUILTY** of Trafficking in Heroin, as charged in Count 1 of the indictment. We further find that this offense was committed within the vicinity of a school. We further find that this offense was committed within the vicinity of a juvenile.

Subsequently, Robinson was convicted of trafficking in heroin as a third degree felony.

{¶32} The jury verdict form in this case did not state the degree of the offense, nor did it state the amount of the controlled substance involved in the trafficking offense. The only additional elements set forth in the jury verdict were that the offense occurred within the vicinity of a school and of a juvenile. Therefore, we find that the jury verdict form was only sufficient to convict Robinson of a fourth degree felony.

{¶33} We therefore sustain Robinson's third assignment of error, reverse the judgment of the trial court convicting Robinson of trafficking in heroin as a third degree felony, and remand the cause for the trial court to enter a judgment convicting Robinson of trafficking in heroin as a fourth degree felony.

## Conclusion

{¶34} The portion of the trial court's judgment convicting Robinson of trafficking in heroin as a third degree felony is reversed, and this cause is remanded for the trial court to enter a judgment convicting Robinson of trafficking in heroin as a fourth degree felony. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

DEWINE, P.J., and MOCK, J., concur.

Please note:

This court has recorded its own entry this date.