[Cite as *State v. Lowe*, 2016-Ohio-3423.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150101 |
| | | TRIAL NO. B-1404135 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| HUBERT LOWE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 15, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk* for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Hubert Lowe was convicted of felonious assault in violation of R.C. 2903.11(A)(1) and sentenced to two years' imprisonment. He has timely appealed his conviction and asserted three assignments of error. After a review of the record, we reverse the trial court's judgment of conviction and remand the cause to the trial court for further proceedings in accordance with this opinion.

{¶2} Lowe and Shannon Wagner lived on different floors in the same apartment building on Sunset Avenue. On June 27, 2014, the police responded to a call from Wagner regarding a dispute between Lowe and her at the apartment building. Wagner and Lowe provided conflicting accounts of the incident. Wagner alleged that Lowe, without provocation, had picked her up and had "slammed" her in the hallway as she passed by his apartment. Lowe, however, contended that Wagner was an unwelcome interloper who he had to physically remove from his apartment after asking her several times to leave. Regardless of whose account of the incident is accurate, the fact is that Wagner sustained a broken arm that required surgery. A grand jury indicted Lowe for felonious assault, a second-degree felony.

{¶3} Lowe was appointed trial counsel who fully participated in the pretrial preparation and proceedings. Prior to trial, Lowe filed several pro se motions: (1) motion to proceed as co-counsel, (2) motion for a bill of particulars, (3) demand for discovery, and (4) motion to suppress evidence.

{¶4} On the morning of trial, the court addressed Lowe's pro se motions. Lowe's defense counsel had only recently learned of Lowe's motion to suppress, and did not argue the motion. The trial court then engaged Lowe in a lengthy discussion about his motion to suppress, as well as several issues regarding witnesses, medical

records, and Lowe's statements to police. After discussing those issues, the trial court denied Lowe's motion to suppress.

{¶5} The trial court then addressed Lowe's motion to proceed as co-counsel. The court informed Lowe that he could not act as co-counsel, and that he could either proceed with an attorney or proceed pro se. The trial court stated, "Do you want to be your own lawyer or do you want him to represent you? * * * You're under the same rules and structure that the Government is." The trial court explained to Lowe that he would be at a disadvantage because he was not familiar with the proper technique to question a witness. Furthermore, the trial court informed Lowe that it would not assist him or provide information about why a question was improper. The trial court asked Lowe whether he wanted to speak to his lawyer, and Lowe responded affirmatively.

{¶6} The court took a brief recess while Lowe conferred with his counsel. After the recess, Lowe discussed the matter on the record with the trial court, and took various positions with respect to proceeding with his current counsel—opting first for the appointment of new counsel, and then agreeing to continue with his current appointed counsel for the "time being." The trial court recessed again so defense counsel could discuss the matter further with Lowe. After this recess and discussion, Lowe informed the court that he wanted to proceed pro se. Subsequently, the trial court permitted Lowe's defense counsel to withdraw.

{¶7} Lowe chose to waive his right to a jury trial and, after an inquiry by the court, signed a written waiver of his right to a jury trial. Lowe was not presented with nor did he sign a written waiver of his right to counsel.

{¶8} At trial, the state put on seven witnesses, including Wagner and police officers assigned to the incident. Lowe cross-examined the witnesses, and testified on his own behalf.

{¶9} After closing arguments, the trial court took the matter under submission, and subsequently found Lowe guilty of felonious assault. The trial court later sentenced him to two years' imprisonment. Lowe timely appealed.

{¶10} In his first assignment of error, Lowe contends that trial court erred when it permitted him to represent himself without determining whether his waiver of counsel was made knowingly, intelligently, and voluntarily. We agree.

{¶11} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to counsel. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A defendant also has the constitutional right to waive the right to counsel and represent himself at trial. *Id.* at 821-836. However, "[c]ourts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel." (Citations omitted.) *State v. Vordenberge*, 148 Ohio App.3d 488, 491, 774 N.E.2d 278 (1st Dist.2002), quoting *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996).

{¶12} Crim.R. 44(A) provides that in order for the defendant to waive the right to counsel, the waiver must be knowing, voluntary, and intelligent. This court has required the trial court undertake a two-part inquiry when determining whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel: "(1) whether the defendant is competent to waive the right to counsel if it has reason to doubt the defendant's competency, and (2) whether the waiver is knowing and

voluntary." *Vordenberge* at 492; *see State v. Watson*, 132 Ohio App.3d 57, 63, 724 N.E.2d 469 (8th Dist.1998).

{¶13} In *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph two of the syllabus, the Ohio Supreme Court held:

> In the case of a "serious offense" * * *, when a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel.

{¶14} There must be a candid and thorough discussion "of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Martin* at ¶ 40, quoting *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976). A judge must investigate as long and as thoroughly as the circumstances of the case demand in light of the strong presumption against the waiver of the right to counsel. *Gibson* at 377. Waiver of counsel has been described as intelligent when the defendant "knows what he is doing and his choice is made with eyes open." *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004), quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

{¶15} The state contends that Lowe's waiver was knowing, intelligent, and voluntary. It points to *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, for the proposition that the trial court can presume that defense counsel had discussed all relevant facts of the case with Lowe prior to his waiver of counsel. The case before us is factually distinguishable from *Johnson*.

{¶16}  Here, the record does not support the contention that Lowe knowingly, intelligently, and voluntarily waived his right to counsel.  Although the trial court granted sufficient time to accommodate Lowe's vacillating positions with respect to counsel, there is not enough in the record to demonstrate that Lowe knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel.  We do not presume a waiver of the right to counsel from a silent record.  *Vordenberge*, 148 Ohio App.3d at 491, 774 N.E.2d 278.  Here, the trial court did explain the challenges of self-representation against an experienced prosecutor, and it pointed out that Lowe was facing "serious charges."  However, the trial court did not go further to explain the statutory offense with which Lowe was charged, the range of possible punishments, possible mitigating factors, the defenses to the charge, or other facts pertinent to the case.

{¶17}  Based on the record before us, we sustain Lowe's first assignment of error.

{¶18}  In Lowe's second assignment of error, he argues that the trial court erred by overruling his pro se motion to suppress evidence without providing him an evidentiary hearing and by permitting the state's inaccurate bill of particulars, and in his third assignment of error, he challenges his conviction based on the weight and sufficiency of the evidence.  Because we have sustained Lowe's first assignment of error, his second and third assignments of error are moot.

{¶19}  The judgment of conviction is reversed and this cause is remanded to the trial court for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**DEWINE, P.J.,** and **MOCK, J.,** concur.

**Please note:**

This court has recorded its own entry this date.