[Cite as *State v. Alexander*, 2016-Ohio-5015.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA3492 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| ZACHARY R. ALEXANDER, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 07/12/15** |

_____

APPEARANCES:

John A. Gambill, Portsmouth, Ohio, for Appellant.

Sherri K. Rutherford, Chillicothe Law Director, and Michele Rout, Assistant Law Director, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Zachary R. Alexander appeals from his conviction for domestic menacing, a charge for which he was convicted in the Chillicothe Municipal Court after a jury trial. On appeal, Appellant contends that the trial court committed reversible and prejudicial error in not demonstrating substantial compliance with Crim.R. 44(A) by making sufficient inquiry to determine whether he fully understood and intelligently relinquished his right to counsel, in violation of Section 10, Article I of the Ohio Constitution and Sixth and Fourteenth Amendments of the United States Constitution. We

agree; however, we find that the trial court failed to substantially comply with Crim.R. 44(B), which governs assignment of counsel in petty offenses, rather than Crim.R. 44(A), which governs assignment of counsel in serious offenses.

{¶2} Because Crim.R. 44(B) simply provides that a sentence of confinement may not be imposed upon an unrepresented defendant convicted of a petty offense, without a valid waiver of the right to counsel, we find that the proper remedy is to affirm Appellant's conviction, but reverse and vacate the confinement portion of his sentence. Thus, Appellant's sole assignment of error is sustained, to the extent we construe it to be an argument based upon a violation of Crim.R. 44(B). Accordingly, although Appellant's conviction is affirmed, we must reverse the trial court's judgment with respect to the imposition of a ten-day period of confinement and remand this cause to the trial court with the instruction to vacate the confinement portion of Appellant's sentence.

FACTS

{¶3} Appellant was charged with domestic menacing, a second degree misdemeanor in violation of R.C. 2919.25(C), by way of a criminal

complaint filed in the Chillicothe Municipal Court on March 24, 2015. [1] The trial court orally advised Appellant of his right to counsel at this arraignment. Appellant responded that he did not want court appointed counsel and that he "may seek outside counsel." Nevertheless, Appellant executed a written waiver of his right to counsel and entered a plea of not guilty. The matter proceeded to a bench trial on May 15, 2015. At the beginning of trial, it was simply noted that Appellant was not represented by counsel, without any further discussion. Appellant was ultimately convicted of fourth-degree misdemeanor domestic menacing and was sentenced to ten days in jail and probation for one year.[2]

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN NOT DEMONSTRATING SUBSTANTIAL COMPLIANCE WITH CRIM.R. 44(A) BY MAKING A SUFFICIENT INQUIRY TO DETERMINE WHETHER APPELLANT FULLY UNDERSTOOD AND INTELLIGENTLY RELINQUISHED HIS RIGHT TO COUNSEL IN VIOLATION OF SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

---

[1] We note that although the record before us consistently refers to Appellant's charged offense as "domestic menacing," R.C. 2919.25(C) refers to the offense as "domestic violence."

[2] The trial court dismissed the second-degree misdemeanor charge, finding that the State failed to introduce evidence that Appellant had a prior conviction of domestic violence, but found Appellant guilty of domestic menacing as a fourth-degree misdemeanor.

## STANDARD OF REVIEW

**{¶4}** "The Sixth Amendment to the United States Constitution provides that criminal defendants shall have the right to the assistance of counsel for their defense." *State v. Bristow*, 4th Dist. Scioto Nos. 07CA3186, 07CA3187, 2009-Ohio-523, ¶ 12. "The right to counsel applies to misdemeanor prosecutions that could result in incarceration." *State v. Vordenberge*, 148 Ohio App.3d 488, 492, 774 N.E.2d 278 (1st Dist. 2002) (internal citations omitted). However, "[t]he Sixth Amendment * * * [also] guarantees that a defendant in a * * * state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio1914, 12 N.E.3d 1112, ¶ 71; quoting *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus; citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). "To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *State v. Weddington*, 4th Dist. Scioto No. 13CA3560, 2014-Ohio-1968, ¶ 9; quoting *State v. Bristow*, 4th Dist. Scioto

Nos. 07CA3186, 07CA3187, 2009-Ohio-523, ¶ 12; citing Gibson, supra, at paragraph two of the syllabus; see also *State v. Vordenberge, supra,* at 492. "There is no single, definitive test to determine whether a defendant voluntarily, knowingly, and intelligently waives the right to counsel." *State v. Mootispaw*, 4th Dist. Highland No. 09CA33, 2010-Ohio-4772, ¶ 21. Instead, appellate courts should conduct a de novo review and independently examine the record to determine whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the defendant's right to counsel. *Id.*

## LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant contends that the trial court committed reversible and prejudicial error by failing to demonstrate substantial compliance with Crim.R. 44(A) in that it failed to make sufficient inquiry to determine whether Appellant fully understood and intelligently relinquished his constitutional right to counsel. The State counters by arguing that Appellant was verbally advised of his right to counsel at his arraignment, that he signed a written waiver at that time and decided to proceed without counsel.

{¶6} Crim.R. 44, which addresses the assignment of counsel and the waiver thereof, provides as follows:

"(A) Counsel in serious offenses

Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

(B)  Counsel in Petty Offenses.

Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel

Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22.  In addition, in serious offense cases, the waiver shall be in writing."

{¶7} Initially, we note that both Appellant and Appellee base their arguments on the requirements of Crim.R. 44(A), which applies to serious offenses. However, because Appellant's offense is classified as a petty offense, Crim.R. 44(B) is the applicable rule. Appellant was charged with a second degree misdemeanor offense of "domestic menacing," as referred to in the record. The maximum term of confinement for this particular second degree misdemeanor is ninety days. Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense." Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Thus, because this particular second degree misdemeanor charge was subject to a maximum sentence of ninety days, it is excluded from the definition of serious offense and is thus a petty offense. As such, we analyze Appellant's argument under Crim.R. 44(B) rather than Crim.R. 44(A).

{¶8} As this Court noted in *State v. Weddington*, the Supreme Court of Ohio has stated as follows regarding the waiver of counsel:

> "To discharge this duty properly in light of the strong
> presumption against waiver of the constitutional right to
> counsel, a judge must investigate as long and as thoroughly as
> the circumstances of the case before him demand. The fact that

an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Weddington*, supra, at ¶ 13; quoting *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976); quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316 (1948); see also *State v. Martin*, supra, at ¶ 40.

{¶9} Further, as this Court noted in *State v. Jones*, 4th Dist. Athens No. 14CA7, 2014-Ohio-5177, ¶ 11, "[t]he assertion of the right to self-representation must be clear and unequivocal. Citing *State v. Neyland* at ¶ 72; citing *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 68; *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 722 N.E.2d 81, ¶ 38. Moreover, and as noted in *Jones*, "in order for the defendant to 'competently and intelligently * * * choose self-representation, he should be

made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.' " *Jones* at ¶ 12; quoting *Faretta, v. California, supra,* at 835; quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236 (1943); *State v. Mootispaw, supra,* at ¶ 20.

{¶10} Finally, and importantly, in *State v. Vordenberge*, supra, the First District Court of Appeals reasoned that being told of the right to counsel and waiving that right in a written form during an arraignment is "standing alone, insufficient to demonstrate a knowing, intelligent, and voluntary waiver of counsel for trial." *Vordenberge* at 493. The court went on to state that "[t]he inquiry necessary to establish a constitutionally valid waiver for trial is, by its nature, more suited to the trial court, and not the arraignment proceeding[,]" due to the fact that the " 'cattle call' nature of the arraignment proceedings does not lend itself to the judge or magistrate conducting an inquiry sufficient to pass constitutional muster." *Id.*

{¶11} A review of the record presently before us indicates that Appellant appeared at an arraignment hearing on March 27, 2015, at which time he was orally advised of his right to counsel, informed the court that he did not want appointed counsel but "may seek outside counsel," signed a written waiver of counsel and entered a plea of not guilty. The transcript

from the arraignment hearing contains the following exchange between

Appellant and the trial court:

"COURT:    This is CRB1500527, the State against Zachory

Alexander, Mr. Alexander, do you have a copy of the

complaint?

MR. ALEXANDER:    Yes, sir. I do.

COURT:    You also have a pink sheet there advising you of

the rights and the pleas.  Do you understand those?

MR. ALEXANDER:    Yes, your Honor.

COURT:    Go ahead and sign the first blank line.  This is a

charge of domestic menacing.  It's a second degree

misdemeanor punishable by up to ninety days in jail and a fine

up to $750.00.  Do you understand what you're charged with?

MR. ALEXANDER:    Yes, your Honor.

COURT:    Do you want to hire an attorney?

MR. ALEXANDER:    Not court appointed, sir.

COURT:    You're going to hire one?

MR. ALEXANDER:    I may seek outside counsel.

COURT:    Do you want time to do that or are you going to

enter a plea today?

MR. ALEXANDER:      I'll still enter a plea today.

COURT:      Go ahead and sign the second blank line on that pink sheet then, if you're going to go ahead without an attorney today.  June 22nd will be the last day for trial to the court."

{¶12} The "pink sheet" referred to by the trial court and signed by Appellant is entitled "Notice to All Accused of a Criminal or Traffic Offense."  It provides as follows, with respect to the right to counsel and waiver thereof:

"If you are charged with an offense, you have the following rights:

* * *

2.  You have the right to have the charge explained to you and to understand the possible penalties.

3.  You have the right to be represented by a lawyer.  You have the right to be granted a reasonable continuance to obtain a lawyer even though you many eventually wish to plead guilty or no contest.

4.  If you are charged with an offense that carries a possible jail sentence, and if you cannot afford to hire an attorney, you have the right to have a lawyer assigned to represent you.  There will

be a fee of $25 charged to anyone who either requests or

obtains a public defender."[3]

Appellant also signed the "Waiver of an attorney" section at the bottom of

the pink sheet, which provides as follows: "I understand that I have a

constitutional right to counsel (a lawyer), and to have a lawyer assigned to

represent me as stated above, I voluntarily waive my right to counsel and

freely state that I do not want a lawyer."

{¶13} Although there was a purported waiver of counsel for purposes

of entering a pro se plea of not guilty at the arraignment hearing, we cannot

conclude that such waiver was unequivocal, as Appellant expressly stated he

"may seek outside counsel." Additionally, although the trial court did

inform Appellant of his right to counsel, court-appointed counsel if needed,

the charge against him and the possible penalty, there is no evidence before

us that the trial court informed Appellant of the possible defenses to the

charges and circumstances in mitigation thereof, or the dangers and

---

[3] The State filed a motion to supplement the appellate record with a "Transcript of Opening Statements to the gallery of Defendants at the Opening of Arraignments for the Defendant in this Matter as such does contain an explanation of the Rights and Pleas and information relative to the Right to Counsel." This Court granted Appellant's motion and the county clerk filed a "Supplemental Notice of Transmission or Record or Supplement to Record" on November 12, 2015, stating that a transcript of Rights and Pleas held on March 27, 2015 was included. Our review of the transcript, however, indicates that no such "Rights and Pleas" was transcribed. Instead, the transcription begins with the trial court addressing Appellant individually as set forth above. We find, however, that the omission of this portion of the transcript is inconsequential. As argued by Appellant, a video soliloquy to a gallery of criminal defendants does not constitute a proper "inquiry" for purposes of Crim.R. 44. See *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903, ¶ 34-35 (11th Dist.) (reasoning that while such a recording may satisfy Crim.R.10 that defendants be advised of their rights at arraignment, there was no evidence that defendant was present, was instructed to watch the video or understood the video.).

disadvantages of self-representation, such as the fact that he would " 'be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial.' " Quoting *State v. Vordenberg, supra,* at 493; quoting *State v. Doane*, 69 Ohio App.3d 638, 646-647, 591 N.E.2d 735 (1990); see also *State v. Boyle*, 1st Dist. Hamilton No. C-950670, 1996 WL 482945 (Aug. 28, 1996) (failure to warn defendant of hazards of the rules of evidence resulted in ineffective waiver of counsel).

{¶14} This Court has previously held that "the right to retained counsel exists in all cases including 'petty offenses.' " *State v. Paul*, 4th Dist. Athens No. CA-980, 1980 WL 350963, *4. In *Paul*, we further held that "[e]ven if it is concluded that a defendant fully understands his right to counsel, further inquiry, even in petty offense cases, of his desire and ability to retain counsel must be made." *Id.* Moreover, we noted in *Paul* that "[i]f, in a 'petty offense' case, the defendant cannot obtain counsel and there is no waiver of counsel, the court may try the defendant without counsel, but no imprisonment may be a part of the penalty." *Id.*; citing Crim.R. 44(B). In *Paul*, we further noted that the "[a]bility to retain counsel does not rest alone on indigency." *Id.*; citing *State v. Tymcio*, 42 Ohio St.2d 39, 325 N.E.2d 556 (1975).

**{¶15}** The record before us shows there was no follow up or inquiry with Appellant regarding his wishes as to hiring counsel prior to the start of trial. Instead, the only discussion at the beginning of trial was as follows:

"COURT:    This is CRB1500527, the State against Zachory Alexander. He's here; he's not represented by counsel. Assistant Law Director Michele Rout is here on behalf of the State. This case scheduled [sic] for trial. Mrs. Rout, is the State ready to proceed?

MS. ROUT: We are you Honor. * * *

COURT:    Mr. Alexander, are you ready to proceed with the trial?

MR. ALEXANDER:    Yes, your Honor. I have three witnesses here today.

COURT:    Alright.

MR. ALEXANDER:    We will be dealing all the evidence, apparently? Is that correct:

COURT:    I guess. Whatever is offered will be seen.

MR. ALEXANDER:    Can I put some evidence in as well, your Honor?

COURT:    Yeah, during your part of the trial, you will.

MR. ALEXANDER:      Thank you."

This exchange prior to trial certainly does not meet the requirements for establishing a knowing, intelligent and voluntary waiver of Appellant's constitutional right to counsel or for an inquiry regarding his ability to retain counsel.  Here, there was no unequivocal waiver of counsel at the arraignment hearing, and there was no inquiry by the trial court as to Appellant's failure to retain "outside counsel" or his continuing waiver of his constitutional right to counsel for purposes of trial.

{¶16} Based on these facts, and in light of the foregoing statutory and case law, we conclude that the trial court did not demonstrate substantial compliance with Crim.R. 44(B).   Thus, Appellant's sole assignment of error is sustained, to the extent we construe it to be an argument based upon a violation of Crim.R. 44(B).  Accordingly, although Appellant's conviction is affirmed, we must reverse the trial court's judgment with respect to the imposition of confinement and remand this cause to the trial court with the instruction to vacate the confinement portion of Appellant's sentence.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:    Concurs in Judgment and Opinion.
Abele, J.:    Concurs in Judgment Only.

For the Court,

BY:    _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL:    Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**